*G. H. Howard, solicitor pro tem.,* contra.

---

## WATSON v. MAYOR AND COUNCIL OF THOMSON.

A municipal corporation can not, under the general welfare clause usually found in municipal charters, prohibit one from carrying on a lawful vocation on Christmas day, when there is nothing in the character of the business carried on which is calculated to interfere with the peace, good order, and safety of the community.

Argued October 22,—Decided November 12, 1902.

Certiorari. Before Judge Brinson. McDuffie superior court. August 6, 1902.

*John T. West,* for plaintiff in error. *Ira E. Farmer,* contra.

COBB, J. Watson, a merchant, was convicted in the municipal court of the town of Thomson for the violation of an ordinance providing that "it shall be illegal for any person to follow any trade, avocation, or calling, within the limits of the town of Thomson, on the 25th day of December of each year; said day being hereby set aside as a holiday, and is to be observed by all persons within the limits of the town." By the terms of the ordinance its provisions

were not to be applicable to such "works" as are usually performed on Sunday; and it was further provided that railroad and express companies should be allowed to conduct their respective business for a stated period before and after the arrival of trains; that drugstores should be allowed to sell drugs upon request of the party desiring to purchase, and should immediately after the sale close; and that dealers in "green groceries" should be allowed to conduct their business until 10 o'clock a. m. on the day named. The accused did not come within any of the exceptions just referred to. His petition for certiorari complains that the judgment of the municipal court was erroneous because the town of Thomson had no authority under its charter, to pass the ordinance; and that even if it had, the General Assembly had no power to confer such authority. The superior court overruled the petition for certiorari, and the petitioner excepted.

The town of Thomson had no express authority from the General Assembly to pass the ordinance in question; and inasmuch as we have reached the conclusion that such authority can not be fairly implied from the general grant of power contained in the general welfare clause, which is the only clause in the town's charter which could by any possible construction be held to confer the authority, it will be unnecessary to determine whether the General Assembly could constitutionally enact itself or delegate to municipal corporations the power to pass such a law as is involved in the present case. Christmas day is declared by the law of this State to be a holiday. The General Assembly has not, however, seen proper to provide for an entire cessation of business on public holidays. On such days it is not lawful to note and protest bills and notes, but further than this the law does not prohibit the carrying on of business vocations. Civil Code, § 3692. See also *Hamer* v. *Sears*, 81 *Ga.* 288. It is well settled that a municipal corporation can not by ordinance provide for the punishment of an act which is made an offense under the law of the State. It does not necessarily follow, however, from this that a municipal corporation may provide for the punishment of any act which the State has not seen fit to declare a crime. The power of municipal corporations to provide for the punishment, under the general welfare clause in their charters, of acts otherwise lawful, is a limited power. As a general rule, a municipal corporation can not under this clause ex-

ercise. any powers but those which are necessarily or fairly to be implied from, or incident to, its express powers, and those which are indispensable to the declared purposes for which the corporation was created. See *Henderson* v. *Heyward*, 109 *Ga.* 377. See also *Turner* v. *Forsyth*, 78 *Ga.* 683 (3). An ordinance prohibiting one from following his vocation upon a given day can be sustained only as an exercise of the police power of the State. Up to the present time the General Assembly has seen proper to interfere with the right of the citizen to follow his ordinary vocation only to the extent of prohibiting him from pursuing such calling on Sunday, and prohibiting those engaged in the business of banking from doing the acts above referred to on public holidays. Further than this the General Assembly has not seen proper to go. The power of the government to interfere with the citizen in his right to labor is one which should be cautiously exercised. " The right to follow any of the common avocations of life is an inalienable right." Bradley, Justice, in Butchers' Union Co. *v.* Crescent City Co., 111 U. S. 762.

The State itself can not interfere with the right to labor except upon reasons which demand that this right shall be restrained for the public good. Laws requiring cessation from labor at given times have been upheld for the reason that experience has demonstrated that it is for the welfare of each individual, and therefore for the society of which he is a member, that all persons should take periodic rests from their work. The policy of the law of this State is, and has been for many years, favorable to the right of a man to labor and to follow the pursuit of his ordinary vocation. The only restraints upon this right which the General Assembly has ever seen proper to exercise are those above referred to. The General Assembly has never, so far as we are informed, conferred in express terms upon any municipal corporation the right to altogether prohibit a person from carrying on one of the lawful vocations of life on a public holiday, even if it could confer such power. Municipal corporations under the general welfare clause have been permitted to pass ordinances in aid of the policy of the law of the State, by punishing acts which were not punishable under the law of the State, but which if permitted in the municipality might tend to bring about violations of State laws. It was held in *Karwisch* v. *Atlanta*, 44 *Ga.* 204, that while the City of Atlanta could not

punish a person for carrying on his ordinary vocation on Sunday, for the reason that that would be an offense against the law of the State, it was competent for the city, under the authority of the general welfare clause, to enforce an ordinance prohibiting merchants from keeping open their doors on Sunday, the purpose of the ordinance being to prevent the violation of the State law in reference to persons carrying on the work of their ordinary calling on Sunday. See also *Rothschild* v. *Darien, 69 Ga.* 503. It has also been held that in municipalities where the sale of liquor is altogether prohibited, or allowed to be sold under given regulations, an ordinance prohibiting one from having liquors in his possession for the purpose of illegal sale could be passed under the power granted in the general welfare clause; the purpose of the ordinance being to aid in the enforcement of the State law prohibiting or regulating the sale of liquor. See the cases cited in *Henderson* v. *Heyward,* 109 *Ga.* 380. The General Assembly never having seen proper to attempt to bring within the police power the right of the citizen to carry on his ordinary labor on public holidays, it is manifest that it is the intention of the General Assembly and the policy of the State that one shall be permitted to pursue his ordinary vocation on any day other than Sunday, unless he is engaged in the business of banking, and then the restraint upon this right is limited in the manner above referred to. Such being the undoubted policy of the State, it is not to be presumed that the General Assembly intended, by granting a municipal charter, that the general welfare clause therein, although it may be broad in its terms, should be construed as authority for a municipal corporation to interfere with one who is carrying on an occupation at a time when it is lawful under the law of the State for him to pursue this calling. To prohibit individuals generally from carrying on their ordinary vocations on days other than Sunday would, with the exceptions above noted, be a departure from the settled policy of the State, and any such departure must commence with the General Assembly itself, either by a direct law to this effect, or by granting some subordinate public corporation express authority to make such departure. See *Henderson* v. *Heyward,* supra, and cit.

Of course, what is said above with reference to the power of a municipal corporation under the general welfare clause of its charter to prohibit the carrying on of lawful occupations on public

holidays is applicable only to occupations the prosecution of which is not calculated to disturb on the particular day the peace, good order, and safety of the community, in the sense in which those terms are understood by the law. A municipal corporation would doubtless have the right even to entirely prohibit on a given day the carrying on of a business which, though lawful, was of such a character that its prohibition for the time was absolutely essential to the welfare, in a legal sense, of the community.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*