## THE STATE v. ZOZA KENILWORTH.

Argued November 12, 1902—Decided February 24, 1903.

The act concerning disorderly persons (*Pamph. L.* 1898, *p.* 942) is valid, in so far as it declares that persons who use palmistry shall be adjudged disorderly and punished.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the state, *Harry Wootton.*

For the defendant below, *Robert H. Ingersoll.*

The opinion of the court was delivered by

DIXON, J. The prosecutor was convicted before the recorder of Atlantic City and fined for "pretending to use and using palmistry," in violation of section 1 of the "Act concerning disorderly persons." *Pamph. L.* 1898, *p.* 942. The language of the enactment, so far as now pertinent, is, "all persons who shall use or pretend to use or have skill in physiognomy, palmistry or like crafty science, * * * shall be deemed and adjudged to be disorderly persons." This provision has been part of our statutory law since June 10th, 1799. *Pat. L., p.* 410.

One reason urged by the prosecutor of this *certiorari* for quashing his conviction is that the enactment is unconstitutional, but with this concession, that if palmistry is found to be a crafty science, then the objection will not hold.

Undoubtedly, within the intent of this statute, palmistry is a crafty science—that is, one by which the simple-minded are apt to be deceived. So much is plainly indicated by the collocation of words "palmistry or like crafty science." It was so used by the prosecutor, when, from the lines on the palm of the complaining witness, he foretold the age at which the witness would marry and the duration of his life. If ever there shall be discovered any rational evidence that palmistry is a real science, its use for honest purposes will pass beyond the range of this statute; but, in the present case, the use of palmistry was plainly within the prohibition. We find no reason for denying the validity of the act.

The only other objection to the conviction is that the act (section 36) authorizes a conviction only on the oath or affirmation of one or more *creditable* witnesses, while the record of conviction shows that it was based on the testimony of a *credible* witness.

The use of the word "creditable" to signify "worthy of belief" is said by lexicographers to be obsolete; and antiquity

cannot be invoked to justify its use here in that sense; for it was introduced by our act of 1888. *Pamph. L., p.* 249. Nevertheless, we think such is its significance in this statute, and by a "creditable witness" is meant one whose testimony is worthy of credit, credence, belief—that is, in more modern phrase, a credible witness.

The conviction should be affirmed, with costs.