[No. 10300.    Department Two.    August 21, 1912.]

THE STATE OF WASHINGTON, *Respondent,* v. F. F. NEITZEL, *Appellant.*[1]

VAGRANCY—"FORTUNE TELLING." One who, for a fee, casts horoscopes and professes to tell future events in the life of the sitter, is guilty of fortune telling, within Rem. & Bal. Code, § 2688, providing that every person who receives any compensation for fortune telling is a vagrant; and it is immaterial that his means of telling fortunes was based upon a science or the principles of astrology.

CONSTITUTIONAL LAW—CIVIL RIGHTS—RELIGIOUS LIBERTY—FORTUNE TELLING. Rem. & Bal. Code, § 2688, prohibiting "fortune telling" for a compensation is valid, notwithstanding the principles of religion laid down by the "National Astrological Society" include the practice of casting and reading horoscopes; since harmful practices may be prohibited though religious beliefs and opinions may not be interfered with.

[1]Reported in 125 Pac. 939.

Appeal from a judgment of the superior court for Spokane county. Sullivan, J., entered September 12, 1911, upon a trial and conviction of vagrancy. Affirmed.

*Crandell & Crandell,* for appellant.

*Jno. L. Wiley, Robt. L. McWilliams,* and *Geo. R. Lovejoy,* for respondent.

MOUNT, J.—The defendant was convicted of vagrancy, under a statute which provides: "Every person who asks or receives any compensation, gratuity or reward for practicing fortune telling, palmistry or clairvoyance . . . is a vagrant." Rem. & Bal. Code, § 2688. He has appealed from a judgment based upon the verdict of a jury.

The evidence shows that the prosecuting witness was a police officer in the city of Spokane. He went to the defendant's office and requested the defendant to tell his fortune. The defendant replied that he could not tell his fortune, but that he could "figure it out," and that his charges therefor would be one dollar. The defendant then, after inquiring the date of birth of the witness, proceeded to make some figures upon a diagram or horoscope, and then explained to the witness that these figures indicated past and future events in his life, which the defendant proceeded to tell to the prosecuting witness, for which the witness paid to the defendant the sum demanded.

In defense counsel sought to show that astrology is a science, and that the chart or horoscope made by the defendant was correct and in harmony with the principles of astrology. The court denied this offer, for the reason that the statute prohibits fortune telling, and that it was therefore unimportant that the means of telling fortunes was based upon a science. In his brief, counsel for defendant states that the "vocation of the defendant was casting horoscopes, drafting a map of the heavens at the time of one's birth, and the interpretation of horoscopes by tracing movements of the planets to ascertain their relative positions at a given

date, the aspects resulting therefrom, and their influences upon life." He then proceeds to argue and cite authorities to the effect that the right to pursue a lawful calling is a constitutional right which cannot be invaded. The authorities cited are not in point, because the statute makes fortune telling for compensation unlawful, regardless of the means employed. It is plain that the defendant was engaged in fortune telling, for he was professing to tell future events in the life of the witness. The statute is clearly valid. *State v. Kenilworth*, 69 N. J. L. 114, 54 Atl. 244; *People v. Elmer*, 109 Mich. 493, 67 N. W. 550.

The fact that defendant was a regularly ordained minister in "National Astrological Society," and that the principles of religion laid down by that society include the practice of casting and reading horoscopes, was equally unimportant, because, while religious beliefs and opinions may not be interfered with, harmful "practices" may be prohibited. *Reynolds v. United States*, 98 U. S. 145; *Smith v. People* (Colo.), 117 Pac. 612.

The alleged errors based upon the instructions are decided by what is said above. We find no error. The judgment is therefore affirmed.

MORRIS, FULLERTON, ELLIS, and CROW, JJ., concur.