### LUCY HAAS v. STATE OF OHIO.

**1. Section 13145 G. C. Prohibiting Practicing Astrology, etc., Held Constitutional.**

Section 13145 G. C. providing that "whoever, not having been legally licensed so to do, represents himself to be an astrologer, fortune teller, clairvoyant, or palmister, shall be fined, etc.," does not violate Art. 1, Sec. 7 of the bill of rights of the constitution of Ohio but is a valid enactment and is constitutional.

**2. Religious Freedom of Spiritualist Church not Interfered with by Statute.**

Section 13145 G. C. is a rule of conduct having reference to an individual unlawfully representing himself to be a fortune teller, clairvoyant, etc., not being legally licensed so to do; it is the nature of the business of the accused, not the tenets of her church that is prohibited. Laws cannot interfere with mere religious beliefs and opinions but may with unlawful practices.

**3. Not Error to Exclude Exhibits Showing Tenets of Church.**

This statute not being aimed against any church or society but against the accused as an individual, it was not error for the trial court to exclude exhibits offered on her behalf which exhibits tended to show that the actions of the accused were not contrary to the Ohio Spiritualist Association.

ERROR to common pleas court of Stark county, affirming judgment of criminal court of Canton.

*M. J. Braucher,* for plaintiff in error.

*Clarence A. Fisher* and *Walter S. Ruff,* for defendant in error.

**PER CURIAM.**

Error is prosecuted to reverse the judgment of the court of common pleas in affirming the judgment of the criminal court of the city of Canton, Ohio, wherein the State of Ohio, defendant in error herein was plaintiff and Lucy Haas, plaintiff in error herein, was defendant, for a violation of Sec. 13145 G. C., by the plaintiff in error.

It appears that an affidavit was filed before the judge of said court, charging that on March 24, 1916, in said county and state, "One Lucy Haas not being then and there legally licensed so to do, did unlawfully represent herself to be a fortune teller and clairvoyant to one Velva Benson." Upon trial had the said Lucy Haas was found guilty and fined $25 and costs, and ordered to stand committed until said fine and costs were paid, "and that said defendant be imprisoned in the Stark county workhouse and kept at hard labor for the term of thirty days, said workhouse sentence only however is suspended, such suspension to be in effect during the good behavior of the defendant, to all of which the defendant excepts."

As already stated error proceedings were prosecuted to the court of common pleas to reverse the foregoing judgment of the said criminal court and it will be noticed that the first nine grounds of error assigned and passed on by the court of common pleas are identical with those set forth in the petition in error filed in this court, the only two grounds of error added being that the common pleas court erred "in not sustaining the several grounds of error set out in the petition in error," and that said court "erred in overruling the petition in error filed herein and erred in affirming the judgment and sentence of the police court below," so that the same questions raised before said criminal court are raised here. There seems to be no room for dispute as to what the facts are in this case, the testimony of the witnesses for the State on the trial below showing that the occupation of the plaintiff in error at the time and on the occasion mentioned was in fact as alleged in said affidavit, as evidenced by her "read-

ings'' to one Velva Benson and several others, for which a com-
pensation was paid in each instance to the said Lucy Haas
through one John Mohler, acting as an officer of the First
Spiritualist Church of Canton, Ohio, who assumed to and did
issue a certificate for such "readings" for and on behalf of the
said Lucy Haas. That the statute in question aims to protect
the general public from imposition of questionable practices of
persons claiming to have the power to foretell future events, etc.,
is apparent, but we are here met with the proposition that one
who without having been licensed so to do represents himself or
herself to be a fortune teller or clairvoyant does not fall under
the ban of said Sec. 13145 G. C., unless such representation is
accompanied with some overt act to carry the same into execu-
tion. Said Sec. 13145 reads as follows:

"Whoever, not having been legally licensed so to do, repre-
sents himself to be an astrologer, fortune teller, clairvoyant or
palmister, shall be fined, etc.''

No aids in interpretation or construction need be invoked
to understand the full meaning of this section. It means just
what it says. It is the *representation*, when the license is lack-
ing, that is sought to be punished. Here it is clear, that it was
prearranged between the plaintiff in error and the said John
Mohler that applicants for "readings" should first apply to and
pay said Mohler for a certificate for said "readings," that said
certificate entitled each applicant to a "reading" to be given by
the plaintiff in error as a spiritual medium, that the said Velva
Benson paid for and received such certificate and was given
such "reading" by the said plaintiff in error acting as a spiritual
medium but had not been legally licensed so to do. Under
this showing we have no hesitancy in holding that the requisites
of the offense as defined by this section were fully proven, both
the representation and the overt act of undertaking to reveal
the unseen and unknown future.

It is also urged that said Sec. 13145 is unconstitutional,
being in violation, as it is claimed, of Art. 1, Sec. 7, of the bill
of rights of the constitution of the state of Ohio, which provides
that:

"That all men have a natural and indefeasible right to wor-

ship Almighty God according to the dictates of their conscience.''

Although probably couched in somewhat different language the above just and humane rule of religious liberty has been a part of the constitution of this state from the time of its formation as a state and so remains today. The people of the state approve and practice it, and the courts of this state uphold it. There is no room for discussion as to what the constitutional provisions and settled law of this state are as to the rule referred to, but if there were, we could not be otherwise than entertained and enlightened by the able and comprehensive discussion of the subject contained in the brief of counsel for plaintiff in error herein, but as we view the case before us, the question raised here on the record is not an attack upon the religious freedom of what is known as the First Spiritualist Church of Canton, O., but upon the conduct of the plaintiff in error as an individual in unlawfully representing herself to be a fortune teller and clairvoyant, not being legally licensed so to do. This is the sole question raised by said affidavit and, as stated, we do not consider the constitutionality of said section as affecting any church organization or society in issue here. It is the nature of the plaintiff in error's business, not the tenets of her church, that is in controversy here. In this country laws are made for the government of actions, and while they cannot interfere with mere religious belief and opinions, they may with practices. If it were otherwise, the professed doctrines or religious beliefs would be superior to the law of the land, and in effect to permit each citizen to become a law unto himself. As was said in *State* v. *Neitzel*, 69 Wash. 567-569 which was a prosecution against one engaging in fortune telling under the code of that state, where the constitutionality of the statute was attacked, the court held that:

''He was engaged in fortune telling, for he was professing to tell events in the life of the witness. The statute is clearly valid.

''The fact that the defendant was a regularly ordained minister in 'National Astrological Society,' and that the principles of religion laid down by that society include the practice of casting and reading horoscopes, was equally unimportant, because while religious beliefs and opinions may not be interfered

with, harmful 'practices' may be prohibited, and cites *Reynolds* v. *United States,* 98 U. S. 145 [25 L. Ed. 244]."

Again, in *Smith* v. *People,* 51 Colo. 270 [117 Pac. Rep. 612; 36 L. R. A. (N. S.) 158], also a prosecution for practicing medicine without a license, for treating and healing the sick, etc., Mr. Justice Garrugyes, delivering the opinion of the court, in this case, on page 277 says:

"Defendant claims he comes within the exemption which says: 'Nothing in this shall be construed to prohibit—the practice of the religious tenets or general beliefs of any church whatsoever, not prescribing or administering drugs.' The constitution provides, there shall be no interference with the 'free exercise and enjoyment of religious profession and worship.' The statute does not interfere with the free exercise of religion or worship. Any persons, individually or collectively, any minister, or any church congregation may resort to prayer whenever they wish for the healing of the sick. No attempt is made to interfere with religion or religious devotions. This does not, however, authorize one under the cover of religion or a religious exercise, to go into healing commercially for hire, using prayer as the curative agency or treatment. Religion cannot be used as a shield to cover a business undertaking. Defendant was engaged in a business venture, not a religious exercise."

If the constitutionality of this section was an issue, we would refer to the case of *State* v. *Marble,* 72 Ohio St. 21 [73 N. E. Rep. 1063; 70 L. R. A. 835; 106 Am. St. Rep. 570; 2 Ann. Cas. 898].

Exceptions were taken to the court below in excluding, on motion the following:

Defendant's Exhibit No 2, called "An Associate Minister's Certificate," pp. 37, 38, 39 of the record; defendant's Exhibit No. 3 "Articles of Incorporation of the Ohio Spiritualist Association," as the same appears on pp. 40, 41, 43 of the record, and defendant's Exhibit No. 4 called "Constitution and By-laws of the Ohio Spiritualist Asociation," as the same appears on pp. 43-44 of the record.

If we are correct in our views hereinbefore stated as to the proceeding not being against any church or society but against the plaintiff in error as an individual, then the exclusion of the

exhibits offered on behalf of the defendants below was proper and we therefore hold that the court below did not err in exluding them.

Also, on page 48 of the record, it appears that the following question was asked of the defendant:

"Q. I would ask you further, Mrs. Haas, whether at the time you gave these readings to Mrs. Manderbough and to Miss Benson, or at any other time, you did or said anything to these people contrary to or outside of the constitution and by-laws of your organization, The Ohio Spiritualist Association?

Objection. Objection sustained. Defendant excepts.

We deem the objection to this question, apparent upon its face, and that the action of the court below was therefore proper in excluding it.

A reading of the record shows that there were other exceptions taken to the admission and rejection of evidence during the trial, all of which we have examined together with all the other errors alleged in said petition in error, and upon such examination we find no such error in the record herein as to justify a reversal of the judgment of the court of common pleas in affirming the judgment of the criminal court of the city of Canton, Ohio; and said judgment of the said court of common pleas will therefore be affirmed and said cause remanded to said criminal court of said city for execution. Exceptions.