## THE PRACTICE OF ASTROLOGY, FORTUNE TELLING OR CLAIRVOYANCY.

Court of Appeals for Stark County.

LUCY HAAS v. STATE OF OHIO.

Decided, February Term, 1917.

*Constitutional Law—Act Prohibiting the Practice of Clairvoyancy, etc., Without a License—Does Not Interfere With Religious Freedom and Is a Valid Enactment—Tenets of Church to Which an Accused Fortune-Teller Belongs Not Material to His Defense.*

1. Section 13145, providing that "whoever, not having been legally licensed so to do, represents himself to be an astrologer, fortune-teller, clairvoyant or palmister, shall be fined," etc., does not violate the section of the Bill of Rights guaranteeing religious freedom, but is a valid and enforcible enactment.
2. It is the representation of possession of power to foretell future events where made by persons who are without a license so to do, which constitutes the gist of the offense, and exhibits disclosing the tenets of the religious society of which the accused is a member are immaterial in determining whether the accused has unlawfully made such representations.

*Braucher & Sterling,* for plaintiff in error.
*W. S. Ruff* and *C. A. Fisher,* contra.

SHIELDS, J.

Error is prosecuted to reverse the judgment of the court of common pleas in affirming the judgment of the criminal court of the city of Canton, Ohio, wherein the State of Ohio, defendant in error herein, was plaintiff, and Lucy Haas, plaintiff in error herein, was defendant, for a violation of Section 13145 of the General Code of Ohio by the plaintiff in error.

It appears that an affidavit was filed before the judge of said criminal court, charging that on the 24th day of March, 1916, in said county and state, "one Lucy Haas not being then and

there legally licensed so to do, did unlawfully represent herself to be a fortune-teller and clairvoyant to one Velva Benson.'' Upon trial had the said Lucy Haas was found guilty and fined $25 and costs, and ordered to stand committed until said fine and costs were paid, ''and that said defendant be imprisoned in the Stark county workhouse and kept at hard labor for the term of thirty days, said workhouse sentence only however is suspended, such suspension to be in effect during the good behavior of the defendant, to all of which the defendant excepts.''

As already stated, error proceedings were prosecuted to the court of common pleas to reverse the foregoing judgment of the said criminal court, and an examination of the petition in error filed in said court of common pleas shows that the same grounds of error were alleged and relied upon in that court as in this court, except the added alleged error that said court erred in affirming the judgment and sentence of said criminal or police court.

There seems to be no room for dispute as to the facts in this case, the testimony of the witnesses for the state on the trial below showing that the occupation of the plaintiff in error at the time and on the occasion mentioned was in fact as alleged in said affidavit, as evidenced by her ''readings'' to the said Velva Benson and others, for which a compensation was paid in each instance to the said Lucy Haas through one John Mohler, acting as an officer of the First Spiritualist Church of Canton, Ohio, who assumed to and did issue a certificate for such ''readings'' for and on behalf of the said Lucy Haas.

That the statute in question aims to protect the general public from imposition of questionable practices of persons claiming the power to foretell future events, etc., is apparent, but we are here met with the proposition that one who without having been licensed so to do represents himself or herself to be a fortune-teller or clairvoyant does not fall under the ban of said Section 13145, unless such representation is accompanied with some overt act to carry the same into execution.

Said Section 13145 of the General Code reads as follows: :

"Whoever, not having been legally licensed so to do, represents himself to be an astrologer, fortune-teller, clairvoyant, or palmister, shall be fined," etc.

No aids in interpretation or construction need be invoked to understand the full meaning of this section. It means just what it says. It is the *representation* when the license is lacking that is sought to be punished. Here it is clear from the evidence that it was pre-arranged between the plaintiff in error and the said John Mohler that applicants for "readings" should first apply to and pay said Mohler for a certificate for said "readings"; that such certificate entitled each applicant to a "reading" to be given by the plaintiff in error as a spiritual medium; that the said Velva Benson paid for and received such certificate and was given such "reading" by the said plaintiff in error acting as a spiritual medium, but who had not been legally licensed so to do. Under this evidence, we have no hesitancy in holding that the requisites of the offense as defined by this section were fully proven, both the representation and the overt act of undertaking to reveal the unseen and unknown future.

It is also urged that said Section 13145 is unconstitutional, being in violation, as it is claimed, of Section 7, Article I, of the Bill of Rights of the Constitution of the state of Ohio, which, provides that:

"All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own conscience." * * *

Although probably couched in somewhat different language, the above just and humane rule of religious liberty has been a part of the Constitution of this state from the time of its formation as a state, and so remains today. The people of the state approve and practice it, and the courts of this state uphold it. There is no room for discussion as to what the constitutional provisions and settled law of this state are as to the rule referred

to, but if there was, we could not be otherwise than entertained and enlightened by the able and comprehensive discussion of the subject contained in the brief of counsel for plaintiff in error herein; but as we view the case before us, the question raised here on the record is not an attack upon the religious freedom of what is known as the First Spiritualist Church of Canton, Ohio, or upon any other church, or its doctrines or beliefs, but upon the conduct of the plaintiff in error *as an individual* in unlawfully representing herself to be a fortune-teller and clairvoyant, not being legally licensed so to do. This is the sole question raised by said affidavit and, as stated, we do not consider the constitutionality of said section as affecting any church organization or society in issue here. It is the nature of the plaintiff in error's business, not the tenets of her church, that is in controversy here. In this country laws are made for the government of actions, and while they can not interfere with mere religious belief and opinions, they may with practices. If it were otherwise, the professed doctrines or religious beliefs would be superior to the law of the land, and in effect to permit each citizen to become a law unto himself. As was said in *State* v. *Neitzel*, 69 Wash., 567-569, which was a prosecution for one engaging in fortune-telling under the code of that state, where the constitutionality of the statute was attacked, the court held that:

"He was engaged in fortune-telling, for he was professing to tell future events in the life of the witness. The statute is clearly valid."

Further:

"The fact that defendant was a regularly ordained minister in 'National Astrological Society,' and that the principles of religion laid down by that society include the practice of casting and reading horoscopes, was equally unimportant, because, while religious beliefs and opinions may not be interfered with, harmful 'practices' may be prohibited," citing *Reynolds* v. *United States,* 98 U. S., 145.

Again, in *Smith* v. *People,* 51 Colo., 270, a prosecution for practicing medicine without a license, for treating and healing the sick, etc., Mr. Justice Garrigues, delivering the opinion of the court in this case, on page 277, says:

"Defendant claims he comes within the exemption which says: 'Nothing in this act shall be construed to prohibit    *    *    * the practice of religious tenets or general beliefs of any church whatsoever, not prescribing or administering drugs.' The Constitution provides, there shall be no interference with the 'free exercise and enjoyment of religious profession and worship.' The statute does not interfere with the free exercise of religion or worship. Any persons, individually or collectively, any minister, or any church congregation may resort to prayer whenever they wish for the healing of the sick. No attempt is made to interfere with religion or religious devotions. This does not, however, authorize one under the cover of religion or a religious exercise, to go into healing commercially for hire, using prayer as the curative agency or treatment. Religion can not be used as a shield to cover a business undertaking. Defendant was engaged in a business venture, not a religious exercise."

If the constitutionality of this section was in issue, we might well refer to the case of *State of Ohio* v. *Marble,* 72 O. S., 21.

Exceptions were taken to the court below in excluding, on motion, the following:

Defendant's Exhibit No. 2, called "An Associate Minister's Certificate," Defendant's Exhibit No. 3, called "Articles of Incorporation of the Ohio Spiritualist Association," and Defendant's Exhibit No. 4, called "Constitution and By-laws of the Ohio Spiritualist Association."

If we are correct in our views hereinbefore stated as to the proceeding not being against any church or society, but against the plaintiff in error as an individual, then the exclusion of the exhibits offered on behalf of the defendant below was proper, and we therefore hold that the court below did not err in excluding them.

Also, on page 48 of the record, it appears that the following question was asked of the defendant:

"Q. I would ask you further, Mrs. Haas, whether at the time you gave these readings to Mrs. Manderbaugh and to Miss Benson, or at any other time, you did or said anything to these people contrary to or outside of the constitution and by-laws of your organization, the Ohio Spiritualist Association?

"Objection. Objection sustained. Defendant excepts."

We deem the objection to this question apparent on its face, and the action of the court below was therefore proper in excluding it.

A reading of the record shows that there were other exceptions taken to the admission and rejection of evidence during the trial, all of which we have examined together with all the other errors alleged in said petition in error, and upon such examination we find no such error in the record herein as to justify a reversal of the judgment of the court of common pleas in affirming the judgment of the criminal court of the city of Canton, Ohio, and said judgment of the said court of common pleas will therefore be affirmed and said cause remanded for execution. Exceptions.

Powell, J., and Houck, J., concur.