(133 So. 13)

## MITCHELL v. CITY OF BIRMINGHAM.

6 Div. 832.

Supreme Court of Alabama.

March 5, 1931.

Tom J. Roe, of Birmingham, for appellant.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

390

**BOULDIN, J.**

The sole question presented is: Must section 904 of the Municipal Code of the city of Birmingham, prohibiting the business or practice of fortune-telling or palmistry for reward, be declared invalid because in violation of section 89 of the Constitution of Alabama?

This section reads: "The legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of the state."

The general revenue law of the state prescribes a license: "For each fortune teller, palmist, clairvoyant, fifty dollars." Revenue Code of 1929, p. 259, Schedule 73.

Is the ordinance in question "inconsistent" with this general law within the meaning of section 89 of the Constitution?

The general law, applicable to cities of more than 100,000 inhabitants, declares such cities "shall have full, complete, unlimited and continuous power and authority, from time to time, to adopt ordinances and regulations not inconsistent with the laws of the State and the Federal and State Constitutions to carry into effect or discharge the powers and duties conferred by law upon such cities, and to provide for the safety, preserve the health, promote the prosperity, improve the morals, orders, comfort, and convenience of the inhabitants of the city, and to prevent and punish injuries and offenses to the public

therein * * * and to the ends set out in this section the full, complete and unlimited police powers possessed by the State of Alabama are hereby delegated to such cities and towns as though specifically and in detail set out in this section, in so far as it is possible for the Legislature of Alabama under the Constitution of Alabama and of the United States to delegate such powers." Gen. Acts 1915, p. 296, § 6.

While it may be common knowledge that many persons consult fortune-tellers as mere matter of amusement or pastime, the business is not recognized as one to be exercised as of right, subject to regulation merely. It was condemned as far back as the Mosaic law. Deut. Ch. 18, verses 10–12.

So associated with cheats, frauds, imposition upon the credulous and superstition is such profession, that its absolute prohibition is generally declared to be within the police power of the state, and municipalities to which such power is delegated.

The plenary police powers of the city of Birmingham carry full power to prohibit, unless under the ban of section 89 of the Constitution. People v. Ashley, 184 App. Div. 520, 172 N. Y. S. 282; State v. Kenilworth, 69 N. J. Law, 114, 54 A. 244, affirmed in 69 N. J. Law, 674, 56 A. 1133; Fay v. Lambourne, 124 App. Div. 245, 108 N. Y. S. 874, affirmed in 196 N. Y. 575, 90 N. E. 1158; State v. Neitzel, 69 Wash. 567, 125 P. 939, 43 L. R. A. (N. S.) 203, Ann. Cas. 1914A, 899; People v. Elmer, 109 Mich. 493, 67 N. W. 550; McMasters v. State, 21 Okl. Cr. 318, 207 P. 566, 29 A. L. R. 292; State v. Durham, 5 Pennewill (Del.) 105, 58 A. 1024; 18 C. J. 1221; 25 C. J. 596; 39 Cyc. 1110.

This constitutional provision appeared as article 4, § 50, of the Constitution of 1875. In Ex parte Cowert, 92 Ala. 94, 9 So. 225, 227, certain provisions of a town charter were challenged under this section as well as others. They were held bad because not within the title to the act. The court added: "This conclusion renders it unnecessary to decide whether the general assembly may authorize a municipal corporation, in which the general law of the state as to licensing the sale of liquors is in force, to prohibit that traffic, the general state law to the contrary notwithstanding. We are, however, of the opinion, based on exhaustive investigation and consideration, that such authorization would not be violative of article 4, § 50, of the constitution. We do not think the purpose or effect of that provision is in any manner to limit the legislature in conferring police powers on municipal corporations."

The court here evidently deemed it proper to express an advisory opinion based on exhaustive investigation and consideration for future guidance, although the decision was unnecessary to the case in hand.

Cooke, City Clerk, v. Loper, 151 Ala. 546, 44 So. 78, 79, involved the validity of an ordinance creating a license board with broad discretion as to granting licenses to sell liquors, virtually the power to refuse license entirely, provisions far more restrictive than the state law. Touching the charter power, the court said: "It must be conceded that by the charter the Legislature conferred on the city the power to enact ordinances regulating the subject of intoxicating liquors, the granting of license to deal in them, etc., to the same extent as the Legislature could have done by a direct and comprehensive statute. And we think a reasonable doubt cannot arise as to the authority of the Legislature to vest in the governing board of the city a certain discretion in this respect, and that such legislation would not be violative of section 89 of article 4 of the constitution. Ex parte Cowert, 92 Ala. 94, 101, 9 So. 225; Black, Intoxicating Liquors, § 217; 1 Dill. Mun. Corp. (4th Ed.) § 308."

In dealing with the discretion which the Legislature may confer on city authorities, the above case draws a distinction between businesses which may be engaged in as of right, and those with harmful incidents, licensed both for purposes of revenue and regulation.

Ward v. Markstein, 196 Ala. 209, 72 So. 41, 44, may be regarded the leading case in Alabama construing section 89 of the Constitution. Said the court: "Section 89 of the Constitution is but a restraint upon the power of the Legislature 'to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state,' and does not limit the power of the Legislature 'in conferring police powers on municipal corporations.' Ex parte Cowert, 92 Ala. 94, 101, 9 So. 225; Holt v. Birmingham, 111 Ala. 369, 372, 19 So. 735."

The decision further criticized an expression in Ex parte Rowe, 4 Ala. App. 254, 59 So. 69, saying: " 'The inhibition against municipal corporations passing laws inconsistent with the general laws of the state means that such municipal corporations shall not pass laws rendering that lawful which the state law renders unlawful.' "

The true rule is thus stated: "Where the state has expressed through legislation a public policy with reference to a subject, a municipality cannot ordain in respect of that subject to an effect contradictory or in qualification of the public policy so established by the state, unless there is a specific, positive, lawful grant of power by the state to the municipality to ordain otherwise; in which event the specific, positive, lawful grant is from the same source of authority that may and has expressed through legislation the policy of the state."

That case dealt with the personal right of the citizen to have spirituous liquors for his

personal use under the laws of 1915, prior to our statute making liquors contraband and prohibiting even their possession, and held certain severe city restrictions under the guise of an inspection law to be inconsistent with the general policy declared by the state laws.

Ligon v. City of Gadsden, 21 Ala. App. 312, 107 So. 733, likewise dealt with the public policy of state laws touching the personal rights of the citizen in his home.

■■ It will be observed that in Ward v. Markstein, supra, this court has approved the rule, generally announced elsewhere, that, where the Legislature has delegated to the municipality the express power to prohibit a business which may be prohibited under the police power, such charter power becomes a part of the system of state laws, expressive of its public policy. A state license law is thus limited to places where such prohibitive ordinance is not in force. But if the state law clearly establishes a public policy as to the personal rights of the citizen, or clearly extends the privilege of doing a specified business to all places in the state upon payment of a license, then no general grant of charter power will warrant a municipal ordinance prohibiting such business.

■ A licensed business is a lawful business. One act cannot be both lawful and unlawful under the positive laws of the same sovereignty. Municipal power is delegated power, derived from and part of the legislative power of the state.

Section 89 of the Constitution is but the express recognition of a general principle inherent in the relation of the municipality to the state, and generally applied where no such constitutional provision prevails.

At bottom it becomes a matter of construction and harmonizing the different state laws, one defining the delegated powers to the municipality, the other direct state legislation relating to the same subject-matter.

The question then recurs, Does the state license law on fortune-tellers withdraw that business from the sphere of prohibitive legislation in the city of Birmingham? If so, the effect is to repeal and limit the municipal authority which the general grant of police power imports.

The very fact that a business is of such character as to be within a general grant of police power must have weight in passing upon the public policy of the state. The sphere of police power is in much a matter of public policy. We would hesitate to declare a general legislative purpose to strike down police powers which by the experience of mankind are regarded as naturally inhering in the usual grant of police power to cities and towns.

392

The question of location may be a decided consideration in passing upon the propriety of permitting a given business. Location of the business must be specified in the license issued under the state law. Revenue Code, 1929, § 336.

This cannot mean any location the applicant may choose, even though a business in which he may engage as of right. To so hold would nullify all zoning ordinances.

A casual study of our license schedule will disclose that certain businesses liable to abuse are taxed out of proportion to others not objectionable. Manifestly regulation, restrictive, as well as revenue, enters into such enactments. Restrictive regulations are under the police power. In a sense, they look to the same end as prohibitory acts.

Very clearly a business may be tolerated in some places and not in others; may be regulated by license in one and prohibited in another under one consistent policy.

We think the fortune-telling business in a populous city like Birmingham may be accompanied with greater mischief than at other places. The general license law has a clear field of operation outside the areas in which city ordinances, enacted pursuant to their police powers, are in force.

No lawful license can issue to conduct such business within these zones. We conclude the ordinance in question is valid.

In this we are well supported by authority elsewhere. Elsner Bros. v. Hawkins, 113 Va. 47, 73 S. E. 479, Ann. Cas. 1913D, 1278; Commonwealth v. Ellis, 158 Mass. 555, 33 N. E. 651; License Tax Cases, 5 Wall. 462, 18 L. Ed. 497; United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.