1.8643. WILLIAMS *v.* JENKINS, Chief of Police.

Submitted July 13, 1954—Decided September 13, 1954.

*Wesley R. Asinof,* for plaintiff in error.

*Ralph C. Jenkins, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, Henry L. Bowden, Martin McFarland,* contra.

DUCKWORTH, Chief Justice. However strongly as individuals we may believe fortune-telling is a fake and a fraud upon all who patronize it, we would be slow to say judicially that it is such. Indeed we are neither familiar with the basis upon which the ability to tell fortunes is claimed, nor are we able to read the human mind. Deciding this case, however, does not require us to know whether or not fortune-telling is a fake and a fraud. The action was to secure the release from custody after trial, conviction, and sentence for a violation of a city ordinance which, in substance, provides that it shall be unlawful to practice within the city the calling or profession of fortune-teller or astrologer. Since, as stated above, we do not judicially know enough about fortune-telling to render judgment on its merits, the ordinance appears to be valid. Indeed, the ordinance is presumed to be valid. *Moore* v. *City of Thomasville*, 17 *Ga. App.* 285 (86 S. E. 641); *McDonald* v. *Town of Ludowici*, 17 *Ga. App.* 523 (87 S. E. 807); *Jefferson* v. *City of Perry*, 18 *Ga. App.* 689 (90 S. E. 365); *Anthony* v. *City of Atlanta*, 66 *Ga. App.* 504 (18 S. E. 2d 81).

The prisoner has utterly failed to show wherein the ordinance is void. Of course, she assumes, without showing any fact to authorize the assumption, that fortune-telling is a legitimate calling, untarnished with fraud or other qualities which the city could lawfully render illegal by ordinance, and from this premise she concludes that she is being denied the protection of the 14th amendment of the Federal Constitution and due process of law and free speech as guaranteed by the State Constitution. She cites the following cases, which hold that a lawful business can not be prohibited by city ordinance: *Cosgrove* v. *City Council of Augusta*, 103 *Ga.* 835 (31 S. E. 445, 42 L. R. A. 711, 68 Am. St. R. 149); *DeBerry* v. *City of LaGrange*, 62 *Ga. App.* 74 (8 S. E. 2d 146); *Watson* v. *Mayor &c. of Thompson*, 116 *Ga.* 546 (42 S. E. 747, 59 L. R. A. 602, 94 Am. St. R. 137). On the other hand, she ignores the fact that 200 years ago Parliament enacted a law making fortune-telling a misdemeanor (9 Geo. II, Cap. V); that our own legislature (Code § 92-2011, Ga. L. 1929, pp. 58, 60; Code, Ann., § 92-2012, Ga. L. 1935, pp. 35, 36) expressly authorized cities to prohibit fortune-telling. (Ga. L. 1951, p. 157, repeals various State occupational taxes including a tax on for-

tune-tellers.) In addition, the following court decisions have sustained laws prohibiting fortune-telling: Gladstone *v.* Galton, 145 Fed. 2d 742; State *v.* Neitzel, 69 Wash. 567 (125 Pac. 939); Davis *v.* State, 118 Ohio 25 (160 N. E. 473); Mitchell *v.* City of Birmingham, 222 Ala. 389 (133 So. 13). These laws at least support the validity of the ordinance in question, and we have found none holding it invalid.

Therefore, having failed to overcome the presumption of validity of the ordinance, the petitioner failed thereby to sustain the sole ground upon which she sought release, and, accordingly, the judgment remanding her to custody is

*Affirmed. All the Justices concur.*