(107 So. 733)

## LIGON v. CITY OF GADSDEN.
(7 Div. 161.)

(Court of Appeals of Alabama.   March 23, 1926.)

1. Municipal corporations ⊜►57.

Municipality is creature of state, and cannot exercise more power and authority than state.

2. Municipal corporations ⊜►592(1)—Ordinance held void so far as prohibiting card playing for consideration in private residence not theretofore used for gaming (Const. 1901, art. 1, § 5, art. 4, § 89).

City ordinance held void as unauthorized by Const. 1901, art. 4, § 89, in violation of article 1, § 5, and inconsistent with general laws and policy of state so far as prohibiting card playing for consideration in private residence not theretofore used for gaming.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Prosecution by the City of Gadsden against T. O. Ligon for violating an ordinance against gaming. From a judgment of conviction, defendant appeals. Reversed and remanded.

W. J. Boykin, of Gadsden, for appellant.

The ordinance under which defendant was convicted encroaches upon the state law, and is invalid. Ward v. Markstein, 72 So. 41, 196 Ala. 210; 2 Dillon on Mun. Corp. (5th Ed.) 601.

Joe F. Duke, of Gadsden, for appellee.

A municipality may make an act unlawful which is not made so by the state. The ordinance in question is valid. Ex parte Cowert, 9 So. 225, 92 Ala. 94; Ex parte Rowe, 59 So. 69, 4 Ala. App. 254; Mayor, etc., v. Fitzpatrick, 32 So. 252, 133 Ala. 613; 2 Dillon, 1111; Code 1923, § 2049; Little v. Attalla, 58 So. 949, 4 Ala. App. 287.

RICE, J. The sole question in controversy on this appeal is the validity, vel non, of an ordinance, regularly enacted, of the city of Gadsden in the following language:

"Any person who plays in any game of chance or hazard for money or other valuable things, or who in any way aids or abets, countenances or encourages such game, must, on conviction, be fined not less than one and not more than one hundred dollars."

The decisions governing are in conflict, and more or less difficult to reconcile.

The ordinance here involved is manifestly inconsistent with the general laws of the state, and it was not the purpose of the Constitution, we think, to authorize the Legislature to confer upon municipalities authority to pass such ordinances. Const. 1901, art. 4, § 89; City of Bessemer v. Eidge, 50 So. 270, 162 Ala. 201; Town of Livingston v. Scruggs, 93 So. 224, 18 Ala. App. 527.

As, however, was said by the Supreme Court in the opinion in the case of Ward et al. v. Markstein, 72 So. 41, 44, 196 Ala. 209, 216:

"The question here presented is not one of the power of the Legislature to validly authorize municipalities to enact ordinances of this character [i. e. of the character of the one hereinabove set out], but is whether the ordinance under review is inconsistent with the policy of the state established by the Legislature of 1915. Is this ordinance inconsistent with the general laws, the general policy of the state * * * (governing gaming, etc.)? If so, then the ordinance is void. 2 Dillon on Mun. Corp. (5th Ed.) § 601; Dunn v. Wilcox Co., 4 So. 661, 85 Ala. 144, 147; Greensboro v. Ehrenreich, 2 So. 725, 80 Ala. 579, 60 Am. Rep. 130. The rule is thus stated in the Dunn Case, supra: 'It is, accordingly, a familiar rule on this subject that municipal by-laws and ordinances, in conflict with the general law, will be adjudged void, unless they be clearly authorized by the charter of the particular town or city enacting

them.' At the citation in Dillon it is said: 'The rule that a municipal corporation can pass no ordinance which conflicts with its charter, or any general statute, in force and applicable to the corporation, has been before stated. Not only so, but it cannot, in virtue of its incidental power to pass by-laws, or under any general grant of that authority, adopt by-laws which infringe the spirit or are repugnant to the policy of the State as declared in its general legislation.'"

In Eidge's Case, supra, the Supreme Court said:

"The purpose of the Constitution was to prohibit the Legislature from conferring authority upon municipalities inconsistent with the general laws of the state. * * * The power of municipal corporations to make by-laws is limited by the federal and state Constitutions, and the by-laws must be in harmony with the general laws of the state and with the charters of the respective corporations. If they conflict with either they are void. By-laws of municipal corporations must also be reasonable, * * * and they should be in harmony with the general principles of the common law and with the statutes of the state."

[1, 2] The agreed statement of facts upon which this defendant was tried and convicted is as follows:

"The defendant was in a private room in his private residence occupied by him and his family within the corporate limits of the city of Gadsden, engaged with some guests at a game of cards for a consideration; that his room had not been used at this place for gaming previous to that particular time, and this occurred within two-days before the beginning of this prosecution."

That there is no statute in this state declaring the acts here complained of to be unlawful is conceded. That there are innumerable decisions of the Supreme Court holding directly that such acts constitute no offense under any law of this state is also admitted. The municipality is the creature of the state. In other words, the city lives by and through and for the purposes of the state, and we think it not only inconsistent, but is also unreasonable, for the creature to have and exercise more power and authority than the creator. By its laws, the state says to this appellant, in effect: You are at liberty to do all and every the acts complained of, and in so doing you violate no law of this sovereignty. For the municipality to say no, you shall do no such thing, is, in our opinion, a conflict, an inconsistency, and an unreasonable status, even under the flexible rule of police powers. The police powers have never been construed to take precedence over the Constitution of the state. Article 1, § 5, of Const. 1901, provides:

"That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches," etc.

It is true that a man may make a public place of his private residence by certain acts and conduct. This has been definitely decided many times in this state. But here no such question is involved. From the agreed statement of facts here shown the defendant should have been discharged.

The ordinance, in so far as it sought to make the acts shown by the agreed statement of facts unlawful, is invalid.

Reversed and remanded.