(124 So. 423)

**FINNEY v. BOUCHELLE et al.  (6 Div. 922.)**

Supreme Court of Alabama.   Nov. 7, 1929.

Erle Pettus, of Birmingham, for appellant.

· Harsh & Harsh, of Birmingham, for appellees.

**SAYRE, J.** The action is for alleged deceit practiced upon plaintiffs, appellees, by defendant in the sale by the latter to the former of shares of stock in a coal mining corporation. The case was tried in the court below on the third count of the complaint, and the gist of the charge therein, so far as now important, is that defendant "fraudulently procured from plaintiffs $6,000.00 par value of the stock of Preston Motor Car Company, a corporation, and their check for $1,-000.00, which check was subsequently cashed, all in exchange for twenty shares of Atlas Coal and Coke Company, a corporation, by falsely and fraudulently representing to plaintiffs that said Atlas Coal and Coke Company had issued no bonds." Defendant by his pleas denied the fraud alleged and set up the statute of limitation of one year. Judgment went for plaintiffs. Defendant Finney appealed, and the appeal is now prosecuted by Julia E. Finney, as his administratrix.

One hundred and twenty-six assignments of error are presented for review by appellant's brief in 38 "propositions," which, in numerous instances, hardly say more than that the court erred in rulings not more definitely located in the brief by reference to the assignment of errors or the transcript of the record. But authorities are cited. Upon this construction of appellant's brief appellees suggest that quite a number of the "propositions" therein shown should not have consideration by the court. The court, however, is of opinion that it may, without injustice to appellees, consider propositions of law followed by citation of authorities only, and has considered such propositions of appellant's brief as appear to raise questions of any importance where argument has been advanced or authorities cited without more.

There was no error in overruling defendant's demurrer to count three of the complaint. The authorities cited, viz., Wall v. Graham, 192 Ala. 396, 68 So. 298, and Musgrove v. Aldridge, 205 Ala. 189, 87 So. 803, do not sustain the proposition that the demurrer to this count should have been sustained.

Plaintiffs sought to prove that the mining property of the Atlas Coal & Coke Company, a corporation, shares of the capital stock of which had been sold by defendant, as plaintiff's contended, to plaintiffs in the transaction complained of, was under mortgage for $40,000 at the time of the sale; that the mortgage had been subsequently foreclosed, thus, in effect, destroying the value of the stock purchased by plaintiffs; and that the witness Monette, a lawyer, had represented bondholders in the foreclosure proceeding. The objection to this evidence went, as we understand, to the relevancy of this testimony. The court is of opinion that this, in connection with other testimony, tended to show, not only the right to recover, but the amount of recovery due to plaintiffs—this for the reason that it tended to show the fact of an outstanding mortgage (afterwards put in evidence) and its foreclosure which destroyed the value of the shares of stock purchased by plaintiffs from defendant in the transaction complained of. And so as to the third and fourth propositions of defendant's brief on this appeal.

Plaintiffs were allowed, over defendant's objection, to ask the witness Monette how long the purchasing bondholders attempted to operate the mine after foreclosure, whether that operation paid any returns, whether anything had been paid to stockholders, whether stockholders in the reorganized company (after foreclosure) were the same as the stockholders in the old company, and whether stockholders in the old company had stock in the new. The purpose of these inquiries was to show that stockholders in the old corporation got no stock in the new, and that the purchasing bondholders alone had stock in the new corporation. The purpose here again was to exclude a conclusion and to provide data for the assessment of damages, that is, to prove that there need be no abatement of damages by reason of benefit received from the transaction complained of, in the event plaintiffs were found to be entitled to a verdict. These matters, collateral to the main issue, were not required to be proved by the production of books or documents, if any there were. Bunzel v. Maas, 116 Ala. 80, 22 So. 568; Massachusetts Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 271, 70 So. 768. Neither the record nor the brief indicate a purpose to insist upon any ground of alleged error in the rulings just here in review other than that we have noticed. Like consideration leads to the conclusion that there was no reversible error in those rulings by which the court permitted plaintiffs to ask a witness how long the (purchasing) bondholders attempted to operate the mine and whether that operation paid any returns. These questions, to say the worst of them, were immaterial. The answers did no harm.

Further, as touching the question raised by defendant's plea of the statute of limitation of one year, section 8966 of the Code 1923, plaintiffs were permitted without error to inquire of one of plaintiffs testifying as a witness in their behalf, how long before suit brought they had learned that there was a

197

mortgage on the property of the Atlas Coal & Coke Company, whether he knew about the bonded indebtedness, or any mortgage, when plaintiffs bought the stock from defendant, whether the witness knew anything about any indebtedness of the company, and how long it was after learning of the mortgage bonds that the suit in this cause was filed, or these questions in substance.

■ Appellant Finney denied that he had any part in the sale of stock to plaintiffs. He affirmed first by counsel, and afterwards as a witness, that he was in Greene county, where the sale in question was made, on wholly different business; that the sale to plaintiffs was made by Smith, his codefendant. Plaintiffs were allowed to show by the witness Pippin that about the time of the sale to plaintiffs, viz., late in December, 1918, or early in January, 1919 (the sale to plaintiffs having been made January 13, 1919), defendants Finney and Smith sold to him (the witness) stock in the Atlas Coal & Coke Company and that Finney did the talking. Plaintiffs' avowed purpose was to show that defendant Finney was connected with the sale of stock in the Atlas Company "as a salesman selling this same stock." The court here thinks it was competent for plaintiffs to show that defendant Finney was at the time and place of the transaction in question—we mean, of course, the closely neighboring time and place —engaged in the business of selling stock in the Atlas Company as a circumstance tending to corroborate plaintiffs' version of the transaction. The fact deposed to was collateral, but afforded an inference—how cogent it was for the jury to judge—sustaining plaintiffs' contention. Brewer v. Watson, 65 Ala. 88.

■ Judge E. T. Goodwyn, of Fayette, was at the time of the transaction in question and afterwards president of a bank at Fayette, and as trustee for the bondholders of the Atlas Company collected a royalty on coal sold by the company. He had some familiarity with the affairs of the company. On one occasion he wrote a letter to the appellant defendant at Birmingham, dated "2/13th, 1920" in which he mentioned the fact that one of the Bouchelles "was down to see me the other day." The said plaintiff testified that he learned that there was a mortgage on the property of the Atlas Company for the first time on a visit to Judge Goodwyn. This had a bearing on the issue of the statute of limitation. After prolonged discussion, not in the best humor, and many exceptions, this witness was permitted to state as his best recollection, after refreshing his memory by reference to the letter, that the letter was written on the day of its date. This evidence in its final shape was competent, and what of discussion relating thereto and the exceptions reserved in the course of

that discussion were heard by the jury were rendered of no consequence. Whatever may have been said of separate rulings at the moment of rendition, they were in fact merely tentative, that is to say, they became merged in the final ruling, and cannot now serve to bring about a reversal of the judgment.

■ Exceptions were reserved to three several rulings of the court sustaining objections to questions put to defendant's witness Jefferson with the purpose to fix a time at which plaintiffs, or one of them, became advised of the fact that the Atlas Company was indebted in bonds secured by mortgage on its property. Plaintiffs' objections to these questions were sustained by the court on the assigned ground that they were leading. They were leading in a measure because they suggested the date defendant desired to prove. But these rulings again are now of no consequence because in the end the witness stated, in effect, that on the occasion inquired about the fact of a bond issue—meaning bonds secured by mortgage on the Atlas Company's property— was discussed in the presence and hearing of Bouchelle.

■ The cross-examination by plaintiffs of defendant's witness Stanley was a matter largely within the discretionary control of the court (Birmingham Ry., L. & P. Co. v. Lipscomb, 198 Ala. 653, 73 So. 962), and, for aught we can find in the record, the questions allowed by the court cannot be held for error, nor in any event do we see how they could have prejudiced the defense.

It remains only to consider those assignments of error which are made the subject of discussion in appellant's "argument." This argument deals only with alleged errors and improprieties on the part of the trial judge, to employ the language of the brief, in so far forgetting himself as to virtually take charge of the lawsuit on behalf of plaintiffs' counsel, to display bias so as to influence the jury, to deny defendant's counsel the right to make timely and proper objections, or in other ways, the allegations of which we need not repeat, deny to defendant a fair and impartial trial. We have carefully examined the record in connection with appellant's complaint and entertain the opinion that the trial court neither did nor said anything that may reasonably be held to have influenced the jury against appellant. The court here considers that no useful purpose would be served by a further statement in this connection.

There was no error in the proceeding under review.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.