No attorney for appellants.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr. Asst. Atty. Gen., for the State.

55 So.2d 854

### SANFORD SERVICE CO., Inc. v. CITY OF ANDALUSIA.

4 Div. 175.

Court of Appeals of Alabama.

April 17, 1951.

Rehearing Denied May 1, 1951.

Jas. M. Prestwood, of Andalusia, for appellee.

Powell, Albritton & Albritton, Robt. B. Albritton and Albert L. Rankin, all of Andalusia, for appellant.

CARR, Presiding Judge.

The complaint in this case is:

"Count One: Plaintiff claims of Defendant, the City of Andalusia, a municipal corporation organized and existing under the laws of the State of Alabama, the sum of One Hundred Twenty Nine and 88/100 ($129.88) Dollars for that during the period to-wit, January 1, 1950 to the date of filing of this complaint, Plaintiff was, and is now, a non-resident of the State of Alabama, being a corporation organized and existing under the laws of the State of Florida and was during said period engaged in the sale of petroleum products. Plaintiff alleges that during said period of time plaintiff from time to time sold and delivered certain of its petroleum products

to purchasers thereof located in the City of Andalusia, State of Alabama, and that such sales were made upon orders placed with plaintiff at its place of business in the State of Florida and accepted by plaintiff at its said place of business in the State of Florida. Plaintiff alleges that it filled such orders of its said Andalusia, Alabama, customers by loading the petroleum products upon its own tank trucks from its own storage tanks in the State of Florida and transporting the same directly to the places of business of its ordering customers in the City of Andalusia, State of Alabama, and delivering, piping and unloading same directly from said tank trucks into the tanks of its said customers within the corporate limits of the City of Andalusia, Alabama.

"Plaintiff alleges that during the aforesaid period of time said defendant the City of Andalusia, Alabama, had in full force and effect an ordinance, enacted by the City Council of said City of Andalusia, Alabama, which fixed and prescribed a license schedule for said the City of Andalusia, Alabama, and the police jurisdiction thereof, and by said ordinance had imposed a privilege license or occupational tax for doing business within the corporate limits of the City of Andalusia, Alabama, and the police jurisdiction thereof, the pertinent provisions of which are as follows:

"'Freight or Produce Delivery: Each person, firm, corporation or motor transportation company who unloads, delivers, distributes or disposes of any goods, wares, merchandise or produce, including fuel oil, lubricating oil, gasoline, kerosene or other hydrocarbons in the City of Andalusia, Alabama, which said goods, wares, merchandise or produce, including fuel oil, lubricating oil, gasoline, kerosene or other hydrocarbons were transported from a point without the City of Andalusia, Alabama, to a point within the City of Andalusia, Alabama.

"'Per Year ..................... $112.50
Per week .................... 10.00
Per day ..................... 2.00'

"Plaintiff further alleges that said ordinance was enacted by the City of Andalusia, Alabama, for the purpose of raising revenue for the use of said City of Andalusia, Alabama, in paying its general expenses and that the above provisions was one of the many schedules in said ordinance.

"Plaintiff further alleges that defendant demanded that plaintiff pay the license tax imposed by the aforesaid ordinance and upon failure of plaintiff to so pay same defendant arrested and convicted plaintiff's agents or servants engaged in the delivery and unloading of the petroleum products within the City of Andalusia, Alabama, as set forth above, for violation of said ordinance. Whereupon on to-wit, the 8th day of March, 1950, plaintiff paid to defendant under written protest the sum of One Hundred Twenty Nine and 88/100 ($129.-88) dollars demanded by defendant as a license tax, issuance charge and penalty thereon, levied or assessed under above ordinance for the privilege by plaintiff of delivering and unloading petroleum products within the City of Andalusia, Alabama, transported from without the city limits.

"Plaintiff alleges that the aforesaid deliveries and unloading, the privilege for which the aforesaid license tax was levied or assessed was of goods in interstate commerce as set forth above, and that aforesaid ordinance of the City of Andalusia, Alabama, and the license tax levied thereunder is for revenue purposes and is illegal as applied against plaintiff in that the same constitutes a burden upon interstate commerce and is therefore in violation of and repugnant to Article 1, Section 8, Clause 3 of the Constitution of the United States of America. Plaintiff further alleges that said sum was paid by Plaintiff under mistake of law or fact, under protest, through compulsion and under duress by said defendant under color of the alleged illegal tax levied or assessed. Plaintiff further alleges that it duly filed its application with defendant on June 14, 1950 to have defendant refund said payment of One Hundred Twenty Nine and 88/100 ($129.-88) dollars so paid in error, but defendant has failed to make such refund. Wherefore plaintiff sues."

Defendant's demurrers to this complaint were sustained, and the plaintiff suffered

a nonsuit and perfected this appeal. Title 7, Sec. 819, Code 1940.

 The only question of concern is whether or not the ordinance appearing in the complaint infringes the commerce clause of the Federal Constitution, Article 1, Sec. 8, cl. 3.

In the case of Sanford v. City of Clanton, 31 Ala.App. 253, 15 So.2d 303, 306, certiorari denied 244 Ala. 671, 15 So.2d 309, a similar ordinance was reviewed and its validity was upheld.

Appellant urges that the Sanford case cannot control the case at bar for this reason:

The agreed statement of facts in the former case contains this stipulation: "The license tax, $2.00 per day plus a fee of 50¢ for the issue of said license was reasonably apportioned to the revenues derived from sales and deliveries as described in paragraph D & E hereof."

We are not in accord with this insistence.

Justice Simpson, then writing for this court, did make this statement: "The tax imposed for issuance of the license prescribed in said section was reasonably apportioned to the business done by appellant."

It does not follow that in the absence of the stipulation copied supra the court would have reached a contrary conclusion.

There appears nothing in the ordinance in the Sanford case, nor in the one in the case at bar, that leads to the conclusion that the license prescribed was not reasonably apportioned to the business done.

 As far as possible an ordinance will be given a construction which will render it valid rather than void. Its constitutionality will be presumed unless the contrary clearly appears.

Appellant also urges that United States Supreme Court decisions which have been rendered subsequently to the Sanford case have by analogy or implication upset the authoritative value of the Sanford case. On this basis it is insisted that the provision of Sec. 95, Title 13, Code 1940, does not bind this court in the matter of instant concern.

In the fairly recent case of Dorsky v. Brown, License Inspector, Ala.Sup., 51 So. 2d 360, 362,[1] the Supreme Court had this to say: "The Court is of the opinion that the taxable event here under consideration is controlled by the same principles of law as announced and followed by this Court in Sanford v. City of Clanton * * *; and we are not convinced that later cases of the Supreme Court of the United States have detracted from the pertinent principles enunciated in that case, which is the prevailing rule on the question in this jurisdiction."

We think that this late opinion leaves us without choice in the matter of departing from the holding in the Sanford case.

It follows that the judgment below is due to be affirmed. It is so ordered.

Affirmed.