106 So.2d 32

**T. C. DOWNEY**

v.

**CITY OF BAY MINETTE.**

**I Div. 763.**

Court of Appeals of Alabama.

Oct. 21, 1958.

620

Thompson & White, Bay Minette, for appellant.

J. B. Blackburn, Bay Minette, for appellee.

HARWOOD, Presiding Judge.

In the Circuit Court this appellant was convicted upon a complaint of the City of Bay Minette charging that he "did possess, or have in his possession liquor in an automobile licensed by the State of Alabama for use as a taxicab and used for the transportation of passengers for hire within the corporate limits of the City of Bay Minette, Alabama, a municipal corporation, in violation of Ordinance No. 552 enacted by the City of Bay Minette, Alabama, on January 3, 1957."

No demurrers were filed to the complaint.

However the defendant filed five special pleas, all questioning the constitutionality and validity of Ordinance 552.

Pleas 1 and 2 assert, in substance, in varying ways, that the ordinance is void and illegal in that it renders unlawful that which is lawful by the laws of the State of Alabama.

The city's demurrer to the special pleas was sustained.

■ Whenever the question is distinctly presented, and is necessary to the decision of a particular case, a court will not hesitate to determine the constitutionality of legislative or municipal enactments. Hill v. Tarver, 130 Ala. 592, 30 So. 499. We consider the question of the constitutionality presented by the special pleas.

The defendant's jury trial resulted in a verdict and judgment of guilty. His motion for a new trial was overruled, and hence this appeal.

The Sections of Ordinance 552, pertinent to this review, and upon which this appellant was convicted read as follows:

"Section 2: It shall be unlawful for any person to transport any liquor, malt or brewed beverages or wine in the corporate limits or police jurisdiction of the City of Bay Minette, Alabama, in any automobile licensed by the State of Alabama for use as a taxi cab and used for the transportation of passengers for hire. It shall be the duty of the driver of any such automobile so used for the transportation of passengers for hire to prevent the violation of this section of this ordinance by passengers or other persons using or occupying said automobile. The presence of liquor, malt or brewed beverages or wine in any such automobile shall constitute prima facie evidence that the driver of the said automobile is guilty of the violation of this section of this ordinance.

"Section 3: It shall be unlawful for any person to possess or have in his possession any liquor, malt or brewed beverages or wine in the corporate limits or police jurisdiction of the City of Bay Minette, Alabama, in any automobile licensed by the State of Alabama for use as a taxi cab and used for the transportation of passengers for hire.

"Section 4: It shall be unlawful for any person who owns or operates an automobile or automobiles for hire to possess or have in his possession any liquor, malt or brewed beverages or wine in the corporate limits or police jurisdiction of the City of Bay Minette, Alabama, in any building or on the premises where such automobile or automobiles are kept or where such person does business."

It is apparent that as framed the complaint attempts to charge an offense under the provisions of Section 3, supra, and we will confine our review to the validity of this Section, though our observations are equally applicable to Section 2, supra. We pretermit entirely consideration of the validity of Section 4, supra, since the complaint charges no offense under this section.

Section 3, supra, is palpably invalid on several grounds. We will not attempt to discuss all its defects.

As stated by the late Judge Rice in Ligon v. City of Gadsden, 21 Ala.App. 312, 107 So. 733, 734:

"The municipality is the creature of the state. In other words, the city lives by and through and for the purposes of the state, and we think it not only inconsistent, but is also unreasonable, for the creature to have and exercise more power and authority than the creator. By its laws, the state says to this appellant, in effect: You are at liberty to do all and every the acts complained of, and in so doing you violate no law of this sovereignty. For the municipality to say no, you shall do no such thing, is, in our opinion, a conflict, an inconsistency, and an unreasonable status, even under the flexible rule of police powers. The police powers have never been construed to take precedence over the Constitution of the state."

■ We judicially know that Baldwin County is a "wet" county. Any adult may legally possess liquor purchased at a State liquor store. He may walk the streets of Bay Minette with a bottle of whiskey so purchased in his hand, he may transport the same in a motor vehicle, his own, a friend's, or in a taxicab, and his actions are entirely legal under the laws of the State of Alabama.

He may do all of these things under Ordinance 552, supra, unless and until he enters a taxicab. Then, the ordinance would make his conduct criminal.

■ The ordinance was apparently designed to aid in the enforcement of illegal traffic in alcoholic liquor, and would seek this end by restricting the conduct of owners and operators of taxicabs. Yet, in its broad terms it sweeps in not only taxi operators, but any and all persons.

While the end sought by the ordinance may be desirable, such end will not justify an ordinance so broad that it will insnare not only those of guilty conduct, but those whose conduct is otherwise innocent under State policy, except for the attempted operation of the ordinance.

We are clear that the ordinance is inconsistent with the policy of the State, as evidenced by the State statutes, and decisions construing the same. It is therefore invalid in this aspect. Town of Boaz v. Jenkins, 32 Ala.App. 299, 25 So.2d 394; Hurvich v. City of Birmingham, 35 Ala. App. 341, 46 So.2d 577.

Under Section 220, of the Constitution of Alabama of 1901, no person, firm, or corporation shall be permitted to use the public streets of any town or city in the operation of any utility or private enterprise without first obtaining the consent of the proper authorities of such municipality.

And by Section 750, Title 37, Code of Alabama 1940, a city or town is empowered to regulate vehicles for hire, and to license and regulate the streets of a town or city by persons who use vehicles thereon.

Counsel for the City of Bay Minette argue that these provisions authorize the ordinance in question. The power and authority granted municipalities under such provisions cannot be exercised beyond the limits of the policy of the State clearly shown by other provisions, and by Section 89, Article 4, of our Constitution: "The legislature shall not have the power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state."

■ Section 3 of the ordinance is also invalid in that it makes no distinction between alcoholic beverages legally obtained and lawfully possessed, and prohibited beverages i. e., moonshine or wildcat whiskey. Nor is there any limitation on the amount possessed. In the event the liquor possessed was being transported, and was illegal liquor, and in a quantity of five gallons or more, the party so transporting would be guilty of a felony under our State statutes. See Section 187, Title 29, Code of Alabama 1940. The ordinance in its terms therefore includes a felony. Yet, under the ordinance he would, under such circumstances be guilty of a municipal offense, carrying a lighter conviction than many misdemeanors. The inclusion of a. felony as a municipal offense renders a municipal ordinance void. Barbour v. City of Montgomery, Ala.App., 104 So.2d 300 [1]; Kreulhaus v. City of Birmingham, 164 Ala. 623, 51 So. 297, 26 L.R.A.,N.S., 492; Thompson v. City of Sylacauga, 30 Ala. App. 72, 200 So. 795.

The lower court therefore erred in sustaining the City's demurrers to the special pleas.

Appellant's assignment of error No. 18: asserts as error the action of the court in. sustaining the City's demurrers to appellant's special pleas.

Counsel for appellee contends that this assignment was not specified in appellant's brief and should not be considered by us. While it is true that appellant had not: brought forth assignment 18 specifically by number in his brief, yet there are propositions, with authorities cited, presenting the principles involved, and counsel for appellant has argued such principles. Our attention to the questions involved in assignment 18 has been sufficiently directed in the brief to justify our review, though admittedly the brief is lacking in desired technical requirements. Lincoln Reserve Life Insurance Company v. Armes, 215 Ala. 407, 110 So. 818; Finney v. Bouchelle, 220 Ala. 194, 124 So. 423.

1. Ante, p. 490

We hold that Section 3 of Ordinance 552, supra, is unconstitutional and void. Accordingly this appellant is ordered discharged from the instant prosecution.

Reversed and rendered.