122 So.2d 540

**CITY OF MOBILE**

v.

**Gaither MADISON, Jr.**

**1 Div. 813.**

Court of Appeals of Alabama.

Aug. 16, 1960.

Geo. J. Moore, Mobile, for appellant.

Caffey, Gallalee & Caffey, Mobile, for appellee.

HARWOOD, Presiding Judge.

On 22 July 1958, an ordinance was enacted by the governing body of the City of Mobile, the first two sections of said ordinance reading:

"Section 1.—It shall be unlawful and an offense against the City of Mobile for any person, firm or corporation to transport in any motor vehicle within the limits of the City of Mobile or its police jurisdiction, any malt or brewed beverage, as such terms are defined in the Code of Alabama of 1940, Title 29, Section 1, as amended, in quantities of more than one case; provided, however, that the provisions hereof shall not apply to a manufacturer, wholesaler or distributor, delivering any said malt or brewed beverages in a vehicle in compliance with the provisions of Section 26-26 of the Mobile City Code, 1955; and provided further that the provisions hereof shall not apply to any motor vehicle being used for the transportation of malt or brewed beverages through the State of Alabama and not for delivery to any point within

the State of Alabama if such transportation is done in accordance with the rules and regulations of the Alcoholic Beverage Control Board of the State of Alabama.

"Section 2.—Notwithstanding the provisions of Section One hereof it shall be lawful for a person, firm or corporation to transport malt or brewed beverages within the City of Mobile or its police jurisdiction, provided that said person, firm or corporation shall have first applied for and obtained from the License Officer of the City of Mobile a permit which said permit shall be for a period of time not exceeding one day, which said date shall be stated on the permit, and shall further describe the motor vehicle to be used in said transportation, the address to which said malt or brewed beverages are to be delivered, and the quantity thereof. Said permit shall not be transferable."

The remaining sections of this ordinance are not material to this review.

Gaither Madison was convicted in the Recorder's Court of the City of Mobile under a complaint charging him with transporting malt or brewed beverages in the City of Mobile, or its police jurisdiction, in quantities of more than one case in violation of the above mentioned ordinance.

From the judgment of guilty rendered in the Recorder's Court of the City of Mobile, Madison perfected his appeal to the Circuit Court of Mobile County.

In the Circuit Court, upon the overruling of his demurrer to the complaint, Madison filed some seventeen special pleas. All of these pleas, in various ways, questioned the constitutional validity of the ordinance.

The City filed demurrers to the pleas, separately and severally, which demurrers were overruled. In effect this ruling held the ordinance to be invalid.

The City was thereupon permitted to take a non-suit with leave to appeal.

All of the points raised by the assignments of error, and errors specified and argued in brief relate to the constitutionality of the ordinance as questioned by the pleas.

One or more of the pleas question the constitutionality of the ordinance because of its conflict with the policy of the State in reference to the transportation of lawful malt or brewed beverages, as evidenced by statutes and decisions in reference thereto.

■ We judicially know that Mobile County is a "wet" county. Under the statutes and laws of this State an adult may transport beer or malt beverages upon the streets of the City of Mobile in quantities greater than "one case," and violate no State law.

■ Thus there is a conflict between the laws of the State, and its policy in the premises, and the ordinance in question. The City of Mobile being a creature of the State cannot contravene the laws and policy of its creator, the State of Alabama. The ordinance must therefore be held invalid. Downey v. City of Bay Minette, 39 Ala.App. 619, 106 So.2d 32.

Counsel for the City of Mobile argue that despite the conflict between the laws of the State and the ordinance, the ordinance should yet be held valid as a proper exercise of police power, in that it was passed as an aid to the collection of a local tax on beer and malt beverages.

■ Despite the broad discretion accorded municipal governing bodies in promulgating ordinances under their police powers, and the presumption of validity thereunto attaching, such power is not absolute. It is not to be exercised capriciously, but with regard to circumstances, and must be reasonably related to the object sought to be accomplished. Hurvich v. City of Birmingham, 35 Ala.App. 341, 46 So.2d 577.

Since the ordinance in question, as written, applies to the transportation of beer and malt beverages upon which the local tax has been paid, just as much as it does to such beverages upon which no tax has been paid, we can see no reasonable relation between the alleged purpose of the ordinance and its actual provisions.

Several other bases for concluding the ordinance to be invalid are presented by the pleas. Being clear to the conclusion that the ordinance is invalid because of the reasons set forth above we see no useful purpose to be served by a further discussion.

Affirmed.