This is an appeal from a conviction for "riding in a motor vehicle while intoxicated," under Traffic Ordinance No. 617, passed by the city of Tarrant City, Alabama, on May 2, 1977, which was fully in force on the date of the offense.
The appeal before the Jefferson County Circuit Court was determined upon an agreed stipulation of facts, and the matter is now before this court for review on that stipulation.
The stipulation reads as follows (omitting formal parts):
"1. On or about December 18, 1977, the Defendant,
 Dennis Atkins, was riding in an automobile over which he had no charge or control within the city limits of the City of Tarrant City, Alabama.
 "2. At approximately 12:40 A.M. an officer of the City of Tarrant City stopped the automobile in which Mr. Atkins was a passenger for weaving and reckless driving. The driver of the automobile in which Mr. Atkins was a passenger was determined to be intoxicated by the police *Page 324 
officer and was arrested and placed in the patrol car in order to be transported to the Tarrant Police Department for the purposes of running a Photo-Electric Intoximeter.
 "3. The Defendant, Dennis Atkins was sitting in the passenger side of the front seat of the automobile in question and was highly intoxicated.
 "4. The Defendant, Dennis Atkins was placed under arrest by Officer James Atkins for occupying or riding in an automobile while intoxicated and was transported to the City Jail for processing thereon.
 "5. The driver of the automobile was determined to be intoxicated. The passenger and Defendant herein was also determined to be under the influence of intoxicating beverages.
 "6. The Defendant and the City of Tarrant City stipulate that Ordinance # 617 of the City of Tarrant City which makes occupying or riding in an automobile while intoxicated an offense against the laws of the City of Tarrant City was duly adopted by the City Council of the City of Tarrant City on the 2nd day of May, 1977 and was in force and effect the day complained of, to-wit, December 18, 1977.
 "7. There is attached to this stipulation a copy of Ordinance # 617 which is made a part hereof by reference thereto marked Exhibit `A.' Defendant and the City of Tarrant City stipulate that it is a true and correct copy of said Ordinance.
 "8. The Defendant, Dennis Atkins was tried and convicted in the Recorders Court of Tarrant City for violation of Ordinance # 617 and was fined $25 and costs. The Defendant perfected an appeal to the Circuit Court of Jefferson County, Alabama which is the basis for this stipulation. Both parties stipulate that the complaint filed by the City of Tarrant City in the Circuit Court of Jefferson County is sufficient and states all necessary grounds to present this case to the Circuit Court for review and the Defendant files no objections to the complaint as presented.
 "9. The Defendant was properly arraigned in the Circuit Court of Jefferson County on the charge of riding in an automobile while intoxicated and said Defendant contested the constitutionality of said Ordinance # 617."
The ordinance complained of reads as follows:
"ORDINANCE NO. 617
 "AN ORDINANCE MAKING IT UNLAWFUL FOR ANY PERSON WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUORS OR BEVERAGES TO OCCUPY, RIDE IN OR BE FOUND IN ANY MOTOR VEHICLE ON ANY PUBLIC STREET OR HIGHWAY OR OTHER PUBLIC PLACE.
 "Be IT ORDAINED by the City Council of the City of Tarrant, Alabama as follows:
 "Section 1. It shall be unlawful for any person while under the influence of intoxicating liquors or beverages to occupy, ride in or be found in any motor vehicle on any public street or highway or other public place within the corporate limits or the police jurisdiction of the City of Tarrant City, Alabama.
 "Section 2. Any person violating the provisions of this ordinance shall be guilty of a misdemeanor and upon conviction shall be fined no less than One Dollar ($1.00) nor more than Three-Hundred Dollars ($300.00).
 "Section 3. This Ordinance shall become effective from date of publication.
"ADOPTED this the 2nd day of May, 1977."
 I
The appellant, Dennis Atkins, Jr., contends that City Ordinance # 617 of Tarrant City, Alabama, is unconstitutional because it "goes beyond, enlarges and extends" the scope of the State statute regulating the consumption of alcoholic beverages, specifically, the "drunk driving" statute, found in § 32-5-170, Code of Alabama 1975, and the public intoxication statute, § 13-6-15, Code of Alabama 1975. *Page 325 
The question presented here is whether the ordinance under review is inconsistent with the general laws of the State of Alabama. If so, the ordinance is void. § 11-45-1, Code of Alabama 1975, Turner v. Town of Lineville, 2 Ala. App. 454,56 So. 603.
The Alabama Constitution of 1901, Article 4, § 89, states:
 "The legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state."
In Winter v. Cain, 279 Ala. 481, 187 So.2d 237, the Supreme Court of Alabama, stated that all ordinances enacted under the legislative power delegated to the cities, should be consistent with the State laws. See also Phenix City v. Putnam, 268 Ala. 661, 109 So.2d 836; Ott v. Moody, 283 Ala. 288, 216 So.2d 177;Ligon v. City of Gadsden, 21 Ala. App. 312, 107 So. 733.
Municipalities have been given legislative authority to pass ordinances pursuant to what is commonly known as their police powers. Ott v. Moody, supra; Smith v. Town of Notasulga,257 Ala. 382, 59 So.2d 674.
This grant is found in § 11-45-1, Code of Alabama 1975, which reads as follows:
 "Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law and to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances. (Code 1907, § 1251; Code 1923, § 1992; Code 1940, T. 37, § 455; Acts 1971, No. 2279, p. 3670.)"
Under this provision, a municipality cannot enact an ordinance pursuant to its police powers which is inconsistent with the general laws of the State.
We note that municipal ordinances are presumed to be constitutional and that they are not to be struck down unless invalid on their face or unless the challenging party clearly establishes their invalidity. Atlantic Oil Co. v. Town ofSteele, 283 Ala. 56, 214 So.2d 331; Cudd v. City of Homewood,284 Ala. 268, 224 So.2d 625; Sanford Service Co. v. City ofAndalusia, 36 Ala. App. 74, 55 So.2d 854; Jolly v. City ofBirmingham, 55 Ala. App. 603, 318 So.2d 300.
Appellee City of Tarrant City, acknowledges that a municipal corporation may not enact ordinances which are inconsistent with the general laws of the State. However, it asserts that the State has not held itself out to have exclusive jurisdiction "in the matter of regulating the rules of the road or the use of intoxicating beverages as such. . . ."
Further, the appellee maintains that the municipal ordinance in question is in no way inconsistent with State statutes governing intoxicating liquors and related offenses. The municipality insists that the ordinance is a valid exercise of its police power as it pertains to the protection of "public health, morals and safety of the community."
Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the local law prohibits anything which the State law permits. Ligon v. Cityof Gadsden, supra. See also Kim v. Town of Orangetown,66 Misc.2d 364, 321 N.Y.2d 724.
Under the facts in the present case, Dennis Atkins, Jr. could not have been arrested, pursuant to State or local laws, for public drunkenness. The facts clearly show that appellant was not the operator of the motor vehicle and was not outside the automobile at any time. Under Brown v. State, 38 Ala. App. 312,82 So.2d 806, appellant could not have been arrested for public intoxication, so long as he remained inside the automobile.
Atkins did not violate any State law. There is no State "drunk passenger" statute *Page 326 
comparable to city ordinance # 617, of Tarrant City, Alabama. § 13-6-15, Code of Alabama 1975, specifically exempts a passenger in an automobile from its criminal sanctions. That section provides, in pertinent part:
 "It shall be unlawful for any person who is intoxicated by or under the influence of liquors or narcotic drugs to appear or travel upon or be along the public roads and highways of the state. Any person violating this section shall be guilty of a misdemeanor, provided this section shall not apply to persons traveling along a public highway as passengers in any public or private conveyance."
[emphasis added.]
It seems clear that the ordinance in question prohibits an act which is permitted by the State law of Alabama, and, thus, that the ordinance is in conflict with the State law. Ligon v.City of Gadsden, supra; Kim v. Town of Orangetown, supra. The ordinance tends to nullify the State law and therefore, in our judgment, is void.
We recognize that a municipal ordinance which enlarges upon the provisions of a State statute by requiring more restrictions than the State law is not unconstitutional as long as the State statute is not exclusive. State ex rel. Woodruffv. Centanne, 265 Ala. 35, 89 So.2d 570. However, the ordinance here in question does not enlarge upon any existing State statutes; no such statute exists on the State level. This court, in Tarrant v. City of Birmingham, 39 Ala. App. 55,93 So.2d 925, recognized the right of a municipality to regulate liquor traffic under its police powers. However, in Downey v.City of Bay Minette, 39 Ala. App. 619, 106 So.2d 32, this court held that a municipal ordinance making it unlawful to possess liquor in the city limits while in a taxicab was inconsistent with the State policy of allowing legal liquor possession in a "wet" county. This court noted that such possession would be legal in any "wet" county in the State, and that only in Bay Minette would it be criminal in nature. See also City of Mobilev. Madison, 40 Ala. App. 713, 122 So.2d 540.
This court in Ligon v. City of Gadsden, supra, commented that, whatever the State permits, the local authority cannot disallow without being inconsistent and in conflict with the State law. In that case, Judge Rice stated:
 "The municipality is the creature of the state. In other words, the city lives by and through and for the purposes of the state, and we think it not only inconsistent, but is also unreasonable, for the creature to have and exercise more power and authority than the creator. By its laws, the state says to this appellant, in effect: You are at liberty to do all and every the acts complained of, and in so doing you violate no law of this sovereignty. For the municipality to say no, you shall do no such thing, is, in our opinion, a conflict, an inconsistency, and an unreasonable status, even under the flexible rule of police powers. The police powers have never been construed to take precedence over the Constitution of the state."
 II
The appellee insists that the ordinance in question is a valid exercise of its police powers. The city argues that the ordinance is justified because it protects the drunk passenger from harming himself or the general public. The appellee asserts that the true benefactor of the municipal ordinance is the drunk passenger, because he is protected from harm, rather than left on the highway to "fend for himself."
Despite the presumption of constitutionality in favor of ordinances, a municipality's authority is not absolute and is not to be exercised capriciously. City of Mobile v. Madison, supra; Hurvich v. City of Birmingham, 35 Ala. App. 341,46 So.2d 577. Furthermore, a municipality cannot use its police power as a means to raise revenue. City of Decatur v. Robinson, 251 Ala. 99, 36 So.2d 673.
One who is in Tarrant City, Alabama, and becomes intoxicated is in somewhat of a quandary. He is faced with the decision whether to walk home and risk *Page 327 
being arrested for public drunkenness or to drive home and risk arrest for driving while intoxicated. Finally, he may have a friend drive him home and be arrested as a drunk passenger. The result is that a person finding himself in a drunken condition in Tarrant City would be virtually trapped in the exact spot at which he became inebriated. Any attempts by such a person to reach his home would constitute a criminal act, and the location at which he became inebriated would determine whether he could be arrested for drunkenness.
This exercise of its police powers by the city of Tarrant City, in enacting Ordinance # 617, exceeds those powers granted it by the legislature to promote the general health and well-being of the community. There are ways to aid the intoxicated passenger other than by arresting him.
In our judgment, Tarrant City Ordinance # 617 is invalid as an improper use of a municipality's police power.
REVERSED AND RENDERED.
All the Judges concur. *Page 517