LEIGH M. CLARK, Retired Circuit Judge.
On an appeal from a conviction in the Municipal Court of the City of Birmingham, a jury found each of the appellants guilty on a complaint based on Section 54-1 General Code of the City of Birmingham, 1964, as last amended, which provides:
“It shall be unlawful for any person to go upon or remain upon the lands, buildings or premises of another or any part, portion or area thereof after having been forbidden to do so, or warned not to do so, either orally or in writing, by the owner, lessee, custodian or other person in possession thereof, his agent or representative, or after having been forbidden to do so or warned not to do so by a sign posted on such land, building, premises or part, portion or area thereof at a place where such sign may be reasonably seen; provided that this section does not apply to police officers in the discharge of their duties.”
The two cases were consolidated for trial with the consent of defendants. The jury fixed the punishment of each at a fine of $100.00, and the court rendered judgment accordingly.
A major insistence of appellants is that the ordinance upon which each was tried is “inconsistent” with Code of Alabama 1975, § 13-2-100. If true, the ordinance is invalid. Constitution of Alabama 1901, Article IV, Sec. 89; Code of Alabama 1975, § 11-45-1.
Code of Alabama 1975, § 13-2-100 provides:
“Any person who, without legal cause or good excuse, enters into the dwelling house or on the premises of another, after having been warned within six months preceding not to do so; or any person, who, having entered into the dwelling house or on the premises of another without having been warned within six months not to do so, and fails or refuses, without legal cause or good excuse, to leave immediately on being ordered or requested to do so by the person in possession, his agent or representative, shall, on conviction, be fined not less than $25.00 nor more than $100.00 and may also be imprisoned in the county jail or sentenced to hard labor for the county for not more than three months.”
The asserted inconsistency between the ordinance of the City and the law of the State *580 is based upon the omission from the ordinance of the substance of the provision in said law that limits the offense proscribed to conduct occurring within six months after an accused had been given the prescribed warning. Appellants rely upon Atkins v. City of Tarrant City, Ala.Cr.App., 369 So.2d 322 (1979) and other cases cited therein. We think a correct determination of the particular issue is to be found in the conclusions reached by Judge DeCarlo in Atkins, wherein he soundly sets forth differences between municipal ordinances and general laws of a state that constitute inconsistency and those that do not constitute inconsistency.
“Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the local law prohibits anything which the State law permits. Ligon v. City of Gadsden, [21 Ala.App. 312, 107 So. 733] supra. See also Kim v. Town of Orangetown, 66 Misc.2d 364, 321 N.Y.S.2d 724". Atkins, supra, at 369 So.2d 325.
Code of Alabama 1975, § 13-2-100 does not permit one to trespass upon the property of another, even though he may never have been warned not to do so. In the area of private property, there are private rights. The appropriate state can and should protect those rights, but it is without power to permit a violation thereof. The possessor of real property has the legal right to freedom from an invasion of the real property by anyone without the possessor’s permission express or implied. In Atkins, the alleged offense was not on private property, but on a “public street or highway.” Private rights of no one other than those of Atkins were involved.
In Atkins, supra, at 369 So.2d 326, it is stated:
“We recognize that a municipal ordinance which enlarges upon the provisions of a State statute by requiring more restrictions than the State law is not unconstitutional as long as the State statute is not exclusive. State ex rel. Woodruff v. Centanne, 265 Ala. 35, 89 So.2d 570. However, the ordinance here in question does not enlarge upon any existing State statutes; no such statute exists on the State level. ... ”
Therein lies a distinguishing difference between Atkins and the instant case. The ordinance now under consideration does enlarge upon the provisions of the statute on the subject, does require more restriction than the statute, which, however, according to Atkins, is not thereby rendered invalid “as long as the'State statute is not exclusive.” In the light of the difference between the nature of, and the rights affected by, the ordinance and comparable statute, as shown by the circumstances in Atkins, and the nature of, and the rights affected by, the ordinance and comparable statute in the instant case, the statute here involved is not, and does not purport to be, exclusive, as shown by the authority relied upon and cited in Atkins, State v. Centanne, in which it is stated at 265 Ala. 37 and 89 So.2d 571:
“It is well settled that the fact that an ordinance enlarges upon the provisions of a statute by requiring more restrictions than contained in the statute creates no ‘conflict,’ unless the statute limits the requirements for all cases to its own prescriptions. Smith v. Town of Notasulga, 257 Ala. 382(2), 59 So.2d 674; City of Birmingham v. West, 236 Ala. 434, 183 So. 421; Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13.
“The provisions of the ordinance here in question, to which we have referred, do no more than add restrictions to the statutory provisions in that respect. The statute does not prescribe restrictions to be exclusive of all others. Therefore, the first contention of appellant cannot be sustained.”
The ordinance under which the defendants were charged and tried is not inconsistent with general statutory law of Alabama.
Appellants seem to contend also that the • ordinance violates “the equal protection and due process clauses of the United States Constitution and the Constitution of the State of Alabama.” They do not present any argument or submit any authorities in support of such contention, and we conclude that it is not well taken.
*581 Another issue raised by appellants is stated in their brief as follows:
“Without evidence of authority in the Board of Directors of the Mall Merchants Association to bind its members, did Marcie Phillips have the agency authority to give a valid warning against trespass on behalf of Parisians, Inc.”
Marcie (Marcy) Phillips was the person who, according to the undisputed evidence, warned the defendants not to go upon the premises. According to her testimony, she was employed by Alabama Farm Bureau Insurance Company and the Eastwood Mall Merchants Association. Alabama Farm Bureau Insurance Company was the owner of Eastwood Mall, a large suburban shopping center in Birmingham. The merchants, who constitute most if not all the tenants thereof, belong to the Eastwood Mall Merchants Association. Parisian, Inc., a corporation, was one of said merchants. The defendants had entered the store of Parisian, Inc. at the time they were charged with a violation of the ordinance, having arrived there by passing through or over ways provided for the merchants in general and their customers and prospective customers. The position of Marcy Phillips was that of “Marketing Director” of Eastwood Mall. Her duties as summarized by her were to “promote and advertise the Mall and run the office there at the Mall and also work security.” She said, “Well, I’m over the security people that I hire in the Mall.” She testified that she was at a meeting of the Board of Directors of the Merchants Association, which Mr. Ferrell Wood, property manager of the Mall for Farm Bureau Insurance Company, and Mr. Alex Frank Farris, III, who had charge of the “leasing and management of the entire shopping center,” also attended. She stated specifically:
“Q. Then you received direction from Board of Directors of the Merchants Association to tell Nell and Sharon Brooks to stay off the Mall?
“A. Yes.”
Appellants apparently rely upon the principle that one who is merely an agent or employee of the possessor of real estate does not necessarily have the authority of the possessor to warn persons to stay off the property. The principle is illustrated in some of the cases cited by appellant, such as Arrington v. State,[1]168 Ala. 143, 52 So. 928, and Woodruff v. State,[2] 170 Ala. 2, 54 So. 240. In Templin v. State, 159 Ala. 128, 48 So. 1027, the one giving the warning was an agent of the one in possession and he was also an “officer of the law.” It was held therein that in warning one to stay off the particular property he, according to his own testimony, was acting as an officer of the law, and not as an agent or employee of the owner of the property, the one in constructive possession thereof. The cases relied upon by appellants are all distinguishable. Ms. Phillips had much more than the limited authority of many of the agents and employees of the various tenants of the Mall. In warning undesirable persons not to come on the premises, she was acting within the line and scope of her broad authority.
“To hold that ... a managerial officer of a corporation or other designated official with authority in excess of that of only an employee, does not have the power to warn off a trespasser, or to warn against trespassing, under Tit. 14 § 426, Code 1940, or Act No. 533 approved September 16,1963, Laws 1963, p. 1146, without, . . . as to the president, general manager, or general superintendent of a corporation, the express authorization of the stockholders or board of directors, is neither practical nor useful and we have found no prior case in Alabama which intimates that such is or should be the law....”[3] Johnson v. State, 277 Ala. 655, 659, 173 So.2d 824, 827 (1965).
Although Ms. Phillips was not the “president, general manager, or general superin *582 tendent” of Eastwood Mall Merchants Association, the nature and breadth of her duties and authority encompassed the implied duty and authority to protect the premises against unlawful intrusion thereon. In addition, she had the express duty and authority to do so by virtue of the action of the board of directors.
The incident upon which each complaint is based occurred on September 7, 1979. The evidence shows that the warning given defendants was soon after the disturbance by defendants at Eastwood Mall in January 1979. Appellants argue that “The Court below erred in allowing Marcie Phillips (pp. 30-33 of the Transcript) and Officer Ben Kelley (pp. 49-51 of the Transcript) to testify at length as to a prior event involving the Appellants.” The reference is to the incident that occurred in January 1979. There was considerable testimony by the named witnesses as to what occurred, but there was little objection by defendants to such testimony, and to some of such testimony defendants’ objection was sustained. From the pages of the transcript cited by appellants, we quote from all of the testimony as to which any objection by defendants was interposed. In the testimony of Ms. Phillips on pages 30-33, the transcript shows:
“Q. Have you had occasion to see Nell and Sharon Brooks at Eastwood Mall?
“A. Yes.
“Q. Would you relate to the Court on what occasion you did see them?
“A. The first time I saw them was in a case where I was a witness in an assault case where I saw them in Wendy’s Sportswear.
“Q. Would you relate to the Court when that was and what you saw happen?
“MR. HAYNES: Your Honor, we are going to object to the question “what happened?” That’s the specifics of a case that’s already been disposed of.
“THE COURT: I’m going to let her testify to it. I’m going to let her testify as to what she saw.
“A. I happened to be in Wendy’s Sportswear at the time, and that’s when I first saw Nell and Sharon and Shirley Brooks. They walked in and a disturbance was caused. It was in January.
“Q. Would you relate to the Court when this was, please, Ma’am?
“A. It was January of last year, January 3rd.
“Q. Please tell the Court what you saw happen.
“A. They beat up the owner.
“MR. HAYNES: Objection. That’s a conclusion.
“THE COURT: You can describe what you saw.
“THE WITNESS: They beat up the owner of Wendy’s Sportswear.
“Q. How did they do that, please, Ma’am?
“A. With their fists, and they scratched him and pulled his glasses off and pulled his hair out and beat him up very badly.
“Q. Did each of these two women here participate in that fight?
“A. Yes, they did.
“Q. You saw them strike that person?
“A. Yes, I did.
“Q. Do you know whether or not the person that was struck received any injuries and whether or not he received any medical attention?
“A. Yes. He was beaten up very badly.
“THE COURT: All you’ve got to do is object.
“MR. HAYNES: I do.
“THE COURT: I sustain it. She can describe what she saw. What else beyond that is immaterial, I think, in my judgment.
“Q. Did you see any blood on that occasion?
“MR. HAYNES: Objection, Your Hon- or.
“THE COURT: Overruled.
“A. Yes.
“Q. Who was bleeding on that occasion?
“A. Jerry Routman, the owner of Wendy’s.”
It may well be that the court should have been stricter on the State by limiting it *583 more than it did as to what it showed with reference to the trouble that formed the basis for the warning given defendants, but the mere fact that defendants had created a disturbance in the past in the nature of a breach of the peace was not a barrier to the admission in evidence of some testimony as to what occurred, in order to show that the warning given defendants was not one that infringed upon any of their constitutional rights by some invidious discrimination against them. Although a store owner has the right to exclude some persons from his store, when open to the public in general, he does not have the right to select his customers to the exclusion of others proceeding within their constitutional rights. Some testimony as to the disturbance in January 1979 was admissible as relevant to any question as to the legality of the warning. We do not find that any overruled objection to such testimony was addressed to testimony that was substantially distinguishable from testimony as to which no objection was made. In none of the testimony of Ms. Phillips, do we find any definitely adverse ruling as to any definite objection of defendants that constituted error prejudicial to defendants.
From the cited pages (49-51) of the transcript as to the testimony of Officer Ben Kelley, we quote the parts thereof that include any objection by defendants:
“Q. All right, sir. What if anything did you see after you arrived and saw that they were being detained?
“A. I saw the store was in disarray, with hangers knocked down, clothes knocked down and everything else, and obviously in disarray. I questioned the Brooks and the owners of the store. They stated that they had an altercation.
“MR. HAYNES: Objection as to what they stated, Your Honor.
“THE COURT: Sustained.
“Q. Did Nell and Sharon Brooks make any statement to you on that occasion?
“MR. HAYNES: Objection, Your Hon- or, that’s on another case that’s' been previously disposed of. No showing of any Miranda warning or anything else.
“THE COURT: Don’t have to be in a misdemeanor. I’m going to sustain it.

“Q. All right, sir. Would you relate to the Court when that was?
“A. I don’t have the reports in front of me. As I said, I have been very sick. I’m supposed to be at the doctor right now. But if I had the reports in front of me-
“MR. HAYNES: Your Honor, we object to what the reports would show.
“THE COURT: Just state your best judgment. Talking about ’79 aren’t we?
“THE WITNESS: Yes, sir.
“Q. Just give me the month, if you recall?
“A. Ma’am, I wish I could help you, but I have been sick for two weeks in bed. I’m supposed to be there now.”
As the quoted material shows, the court ruled in favor of defendants on their objection(s).
We find no error in the record prejudicial to either defendant and the judgments of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgments of the trial court are hereby
AFFIRMED.
All the Judges concur.

. The agent was a “rider or overseer” of workers.

. The agent was a rental agent.

. The omissions are express applications to the pastor of a church.