777 So.2d 318 (2000)
STATE
v.
S.L.S.
CR-99-0600.
Court of Criminal Appeals of Alabama.
June 30, 2000.
*319 Bill Pryor, atty. gen., and Hense R. Ellis II, asst. atty. gen., for appellant.
*320 Charles H. Barnes, Clanton, for appellee.
BASCHAB, Judge.
The State appeals from the juvenile court's order granting a motion to suppress evidence seized from the appellee, S.L.S.
On October 4, 1999, Officer S.R. McWaters of the Montgomery Police Department responded to a call to provide assistance to fellow law enforcement officers at the Best Western Suites Inn in Montgomery. When he arrived, the other officers on the scene had taken several subjects into custody for possession of narcotics. McWaters spoke to the appellee and asked her name and age. She correctly stated her name, but falsely told McWaters she was 18 years old. McWaters asked the appellee for identification, and she told him she did not have any. When McWaters asked the appellee for her date of birth, she told him she was only 16 years old. The appellee was arrested, pursuant to § 29-18, Montgomery Municipal Code, for making a false statement to a law enforcement officer. During a search of her purse, a clear plastic bag that contained a green leafy substance was seized. The appellee was subsequently charged with second-degree unlawful possession of marijuana, a violation of § 13A-12-214, Ala. Code 1975.
The appellee filed a motion to suppress the marijuana seized from her purse, arguing that it was seized pursuant to an illegal search. After the State responded, the juvenile court granted the motion to suppress, finding as follows:
"The Court having heard arguments from both sides finds that the ordinance is in conflict with Alabama State law. See Section 11-45-1, Code of Alabama (1975). When the Defendant gave the Montgomery Police her name, address and age, she consequentially provided a false age. However, before the search began she rebutted the false statement by providing the correct age. Under Chapter 29, Section 18 of the Code of the City of Montgomery, the ordinance encompasses `any' false statement. In contrast, Section 13A-9-18.1, Code of Alabama (1975), exclusively states that it is a misdemeanor to give a `false name or address' to a law enforcement officer. Alabama law clearly states that a `municipal ordinance which enlarges upon the provisions of a State statute by requiring more restrictions than the State law is not unconstitutional as long as the State statute is not exclusive.' Atkins v. City of Tarrant City, 369 So.2d 322, 326 (Ala.Crim.App.1979).
"The Defendant did not give a false name or address, rather a false age. Under the facts in this case, the Montgomery ordinance appears to prohibit something that the State law permits. Therefore, the Defendant's arrest for giving a false age was improper. Since the arrest was improper, the search pursuant to it was also improper, and the fruits of that search must be suppressed."
(C.R.28.)
The State argues that the juvenile court erroneously found that the city ordinance was unconstitutional. Specifically, it contends that the juvenile court incorrectly concluded that the provisions of § 13A-9-18.1, Ala.Code 1975, were exclusive and that § 29-18, Montgomery Municipal Code, improperly enlarges the provisions of § 13A-9-18.1, Ala.Code 1975.
"`A municipality has the authority to enact ordinances pursuant to its police powers, Ott v. Moody, 283 Ala. 288, 216 So.2d 177 (1968); Smith v. Town of Notasulga, 257 Ala. 382, 59 So.2d 674 (1952), as long as the ordinances are consistent with the general laws of the State. Ala. Const., Art. IV, § 89 (1901); Ala.Code § 11-45-1 (1975).
"`Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the municipal law prohibits anything which the State law specifically permits. See Leu *321 v. City of Mountain Brook, Ala.Cr.App., 386 So.2d 483, cert. denied, Ala., 386 So.2d 488 (1980); Atkins v. City of Tarrant City, Ala.Cr.App., 369 So.2d 322 (1979). See also Atchley v. State, Ala. Cr.App., 393 So.2d 1034 (1981); Plump v. City of Birmingham, Ala.Cr.App., 385 So.2d 1349, cert. denied, Ala., 385 So.2d 1351 (1980).'
"`An ordinance which merely enlarges upon the provision of a statute by requiring more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own terms.'"
Smith v. City of Huntsville, 515 So.2d 72, 74 (Ala.Crim.App.1986) (quoting Congo v. State, 409 So.2d 475, 477-78 (Ala.Crim. App.1981), cert. denied, 412 So.2d 276 (Ala. 1982)) (emphasis added in Smith). See also Brooks v. City of Birmingham, 389 So.2d 578, 580 (Ala.Crim.App.1980). The city ordinance under which the appellee was arrested provides:
"Whoever in any matter within the jurisdiction of any department or agency of the city knowingly and willfully falsifies, conceals or covers up by any trick, scheme or device a material fact or makes any false, fictitious or fraudulent statements or representations or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry shall, on conviction, be punished as provided in section 1-6."
§ 29-18, Montgomery Municipal Code (emphasis added). Section 13A-9-18.1(a), Ala.Code 1975, provides:
"A person commits the crime of giving a false name or address to a law enforcement officer if the person gives a false name or address to a law enforcement officer in the course of the officer's official duties with intent to mislead the officer."
The Montgomery ordinance is not inconsistent with § 13A-9-18.1, Ala.Code 1975. Section 13A-9-18.1, Ala.Code 1975, does not contain any exclusivity provisions. Furthermore, the city ordinance merely expands upon the statute by providing that making any false statement in a matter within the jurisdiction of a city department or agency is an offense. Contrary to the juvenile court's findings, § 13A-9-18.1, Ala.Code 1975, does not expressly or affirmatively allow a person to give a false statement regarding his or her age. Therefore, the provisions of § 29-18, Montgomery Municipal Code, are not contrary to § 13A-9-18.1, Ala.Code 1975. Because the ordinance merely enlarges the provisions of the statute and does not prohibit an activity that the statute specifically allows, it is not inconsistent with the statute. Accordingly, the juvenile court improperly granted the appellee's motion to suppress on this ground.
The appellee argues that, even if the ordinance is constitutional, the juvenile court properly granted her motion to suppress. First, she argues that her age was not a material fact. McWaters arrested the appellee for giving a false statement. Section 29-18, Montgomery Municipal Code, states: "Whoever in any matter within the jurisdiction of any department or agency of the city ... makes any false, fictitious or fraudulent statements or representations... shall, on conviction, be punished as provided in section 1-6." (Emphasis added.) Therefore, whether the appellee's age was a material fact was not relevant.
Second, the appellee argues that she retracted her false statement. Specifically, she contends that § 29-18, Montgomery Municipal Code, is similar to `he offense of unsworn falsification to authorities, § 13A-10-109, Ala.Code 1975, and that retraction of a false statement is a defense to prosecution under § 13A-10-109, Ala.Code 1975. See § 13A-10-107, Ala.Code 1975. However, unlike §§ 13A-10-109 and 13A-10-107, Ala.Code 1975, § 29-18, Montgomery Municipal Code, does not make retraction of a false statement a defense to prosecution. Furthermore, *322 the provisions of § 13A-10-109, Ala. Code 1975, are not similar to the provisions of § 29-18, Montgomery Municipal Code, because § 13A-10-109, Ala.Code 1975, prohibits only written falsifications in "an application for pecuniary or other benefit, or a record or report required by law to be submitted to any governmental agency." Therefore, the retraction defense set forth in § 13A-10-107, Ala.Code 1975, would not apply to the Montgomery ordinance. Accordingly, the fact that the appellee subsequently told McWaters her correct age did not render her arrest unlawful.
For the above-stated reasons, the appellee was lawfully arrested, and the warrantless search of her purse was valid as a search incident to that arrest. See Sheffield v. State, 606 So.2d 183 (Ala.Crim. App.1992). Accordingly, we reverse the juvenile court's judgment and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.